THOMAS HORTON, Appellant, *v.* SOLOMON CRITCHFIELD, Appellee.

18    133
148    555

### APPEAL FROM FULTON.

If a court has jurisdiction of the person and of the cause of action, its judgment, whether foreign or domestic, will be conclusive upon the parties.

Where a party was sued and appeared before a justice of the peace in Ohio, and there successfully defended, and the suit was taken by appeal to the common pleas, without any service upon or notice to the defendant, in which court a judgment was obtained against him; it will be presumed that the common pleas of Ohio had jurisdiction.

It will be presumed that a court which pronounces a judgment has jurisdiction, unless the fact is shown to be otherwise.

A party may show, that an appeal would not, without a new summons, continue a cause in court, and then he may go behind the judgment, and into the merits of the indebtedness.

In proceedings before a justice of the peace, it need not appear whether the judgment was for debt or damages.

CRITCHFIELD sued Horton originally, in 1853, before a justice of the peace in Knox county, Ohio, on a claim of $60 for medical services. Trial was had by jury and a verdict returned for defendant, Horton, when judgment was rendered for costs against Critchfield. Critchfield appealed to the Common Pleas of said Knox county, Ohio (but Horton had no notice of such appeal), and at the following September term of such court judgment was entered by default against Horton for $60, damages, and $19.62 costs.

Upon this judgment Critchfield brought suit before a justice of the peace of Fulton county, Illinois, and recovered judgment, from which Horton appealed to the Fulton Circuit Court. At the may term, 1856, of that court a trial was had before Judge THOMPSON and a jury.

On the trial the appellee offered in evidence a certified copy of the proceedings and judgment of Knox Common Pleas, Ohio, embracing the justice's transcript. The exemplification shows *no notice* to the appellant in this court (Horton), of the appeal to the Knox Common Pleas, *by personal service or otherwise.* The appellant objected to the exemplification, but the court permitted the same (under exception) to be read to the jury.

This was all the evidence introduced by the plaintiff below (appellee); and the appellant then, in support of the issues on his part, offered to prove by Caroline Horton, sworn as a witness, that the appellant removed from the State of Ohio and came to Illinois within five days after the trial had and judgment rendered before the Knox county, Ohio, justice, as specified in the transcript offered in evidence, and that he had ever since resided in Illinois, and had not been in the limits

of Ohio since his removal therefrom; also that said Horton (appellant) was not in the State of Ohio when judgment was rendered against him by the Knox Common Pleas; and that he had no knowledge of the pendency of such cause in said common pleas, and only had notice of the trial before the justice.

The appellant also offered to prove by the same witness that she was present when the said cause was tried before the justice in Ohio; that said suit was brought for medical services, claimed to have been rendered in part to the witness at her request, and that she being a daughter of appellant, the appellee claimed compensation from appellant; that no services whatever were ever rendered to the witness by appellee, and that she never requested him to perform any. To all which evidence the appellee objected, and the court sustained the objection and refused to allow the evidence to be given to the jury; to which the appellant excepted.

The appellant then produced Marion Horton as a witness, and offered to prove by him (being sworn), that he was also present when the said cause was tried before the said Knox county, Ohio, justice, and testified therein; that all of the appellee's demand in said suit, which was not for services to Caroline Horton, it was claimed was for services rendered to the witness, as the son of the appellant, at the request of the witness; and that in reality no services whatever were ever rendered to the witness by the appellee, but that at the time when the witness was sick, and the appellee claimed to have attended him, one Dr. Russell was employed to attend upon the witness, and did so, and that appellee never did render any such service. And appellant proposed to prove by said witness that appellee admitted in the presence of the witness, at the trial before the said justice, that appellant was not in debt to him (appellee) for medical services in any sum whatever. All which evidence the court, under objections from appellee, refused to permit to be given to the jury, and the appellant excepted.

This was all the evidence offered; and the jury returned a verdict as follows: "We, the jurors, find a verdict in favor of the plaintiff for seventy-nine dollars and sixty-two cents ($79.62)."

The appellant then entered his motion for a new trial, and assigned the following reasons in support thereof. The court wrongfully admitted the evidence of the plaintiff to the jury. The court erroneously excluded the evidence offered by the defendant. The verdict is contrary to the law and evidence, and exceeds the sum proven. The verdict is informal and erroneous, and does not find the issues in the case. The ver-

dict fails to find the amount of debt and the amount of damages. The court overruled the motion, and the appellant excepted.

The court thereupon entered judgment as follows: "Ordered by the court, that the plaintiff have and recover of and from the defendant the sum of seventy-nine dollars and sixty-two cents for his ————— as per the verdict of the jury rendered herein, together with his costs in this behalf expended, as well in the court below as in this court, and may have execution therefor."

The cause is now brought to this court by appeal; and the appellant assigns for error the following:

The circuit court erred in admitting the evidence of the plaintiff below to the jury.

The circuit court erred in excluding the evidence offered by the defendant below.

The circuit court erred in refusing to grant a new trial.

The circuit court erred in entering judgment upon the verdict.

The judgment of the circuit court is informal and erroneous.


Goudy and Judd, for Appellant.


W. C. Kellogg, for Appellee.


Scates, C. J. The plaintiff was sued before a justice and judgment rendered against him on appeal to the circuit court, for $79.62, "for his ————— as per the verdict," etc., which had omitted to specify whether they found debt or damages.

The proof shown in support of this finding, was the exemplification of a record of a court of common pleas in Knox county, Ohio, commenced before a justice of the peace there, before whom plaintiff appeared and defended, and afterward taken by appeal to the common pleas, where defendant here recovered a judgment for $60.00.

The first and most important question presented is, the plaintiff's right to go behind this judgment into the original cause of action, or is he concluded by this judgment? The act of congress under the constitution has given this judgment the same force and effect as evidence in every state that it has in Ohio where rendered. Act 26 May, 1790; Rev. Stat. 1845, p. 624.

While a judgment rendered without due notice or appearance, is a nullity (*Bimeler* v. *Dawson et al.*, 4 Scam. R. 536), or without jurisdiction of the person or cause of action, yet where the court has jurisdiction of both, the judgment will be

conclusive upon the parties. And this is as applicable to foreign as to domestic judgments.

The doubt did not arise as to the principle of law, but whether the facts presented a case for its application to cut off plaintiff from denying the original cause of indebtedness. We are of opinion that the record is conclusive upon the plaintiff. The plaintiff was personally served and appeared before the justice of the peace in Ohio. Although no further service or appearance is shown in the common pleas, to which the cause was taken by appeal, and admitting that plaintiff could have shown that there was neither, yet the judgment rendered by the common pleas we think *prima facie* evidence of jurisdiction by appeal, and the plaintiff should rebut this presumption, by showing that the laws of Ohio required another service to the common pleas.

This court has held that appeals from inferior to superior courts for the purposes of trials *de novo*, are unknown to the common law, and depend upon statutes. *The Schooner Constitution* v. *Woodworth*, 1 Scam. R. 512; yet in the case of *Bimeler* v. *Dawson et al.*, the court say a service by leaving a copy at party's place of residence, is *prima facie* a good personal service in the common pleas of Ohio, for the court will presume the party to have been a citizen at the time that the court had jurisdiction, and the proceedings in conformity to the laws of the state are valid. The states have power to regulate these matters for themselves. *Welch et al.* v. *Sykes*, 3 Gil. R. 197. The presumption in their favor must prevail until the fact is shown to be otherwise. *Boyden* v. *Fitch*, 15 John. R. 140; *Shumway* v. *Stillman*, 6 Wend. R. 449; *Holt* v. *Alloway*, 2 Blackf. R. 108; *Thurber* v. *Blackbourne*, 1 N. Hamp. R. 242; *Buchanan* v. *Rucker*, 9 East. R. 192.

The plaintiff offered to show that he left Ohio soon after the trial before the justice, and has not since returned there, and that he did not owe the debt. Had he first shown that by the laws of Ohio an appeal simply did not transfer and continue the cause in the common pleas without a new summons, he would have put himself in a position to go behind the judgment, into the original grounds of indebtedness.

In original actions of debt in the circuit court, we have held that the jury in finding their verdict, and the court in the rendition of judgment, must distinguish between the debt and damages. 1 Scam. R. 406; 2 ibid. 565: 3 ibid. 96; 1 Gil. R. 670; 3 ibid. 475; 11 Ill. R. 452, 562; 12 ibid. 61; 14 ibid. 248.

The doctrine has never been applied to proceedings on appeals, in which parties proceed on the merits, without pleadings, but according to the proofs, and very right. Where a technicality presents no vital and meritorious claim

for the discovery of truth, and the furtherance of right and justice, it can have no enlargement of its sphere of action from us. We can see no advantage or detriment to the one party or the other in its application to this class of cases. The statute has required all matters of a nature to be consolidated, and which, when so done, do not exceed one hundred dollars, to be included in suits before justices. The bar may, doubtless, be as broad as the causes of action supposed to be litigated. It is immaterial whether the recovery be of debt or damages.' It might be otherwise and questionable, where the party pleads specially and in writing. The record ought to show that the *debt* or *damage* declared for was recovered. If not, a difficult question of identity of causes might arise on a second suit.

There is a show of reason, at least, in support of the rule as laid down, being conformable to the strict rules of pleading at the common law by which we are governed. But we can find no show of reason to support its extension and application to pleadings *ore tenus* before justices.

*Judgment affirmed.*