Joseph McCallum

*v.*

The Chicago Title and Trust Company *et al.*

*Opinion filed June 16, 1903.*

1. APPEALS AND ERRORS—*error lies from Supreme Court to review order disapproving guardian's sale.* A writ of error lies from the Supreme Court to review an order of a probate court disapproving a guardian's report of the sale of his ward's real estate.

2. SAME—*a freehold is involved in a guardian's sale.* A freehold is involved in the matter of the probate court's approval or disapproval of a guardian's report of sale of land, since the ward is powerless to relieve his land from such sale if statutory grounds authorizing it exist.

3. JUDICIAL SALES—*petition to disapprove guardian's sale need not be filed in behalf of ward.* It is not essential to the jurisdiction of the probate court to enter an order disapproving a guardian's sale that a petition to disapprove be filed in behalf of the ward.

4. SAME—*prospective purchaser at re-sale may petition to have guardian's sale disapproved.* The probate court, upon petition to disap-

prove a guardian's report of sale by a prospective purchaser, who deposits an advance bid in court as evidence of good faith, may disapprove the report and order a re-sale if the first sale was improperly made.

5. Same—*probate court has broad discretion in approving guardian's sales.* The probate court has a broad discretion in the matter of approving or disapproving sales of real estate by guardians, as the title does not vest in the purchaser until the sale is approved. (*Jennings* v. *Dunphy*, 174 Ill. 86, followed.)

Writ of Error to the Probate Court of Cook county; the Hon. C. S. Cutting, Judge, presiding.

This is a writ of error sued out from this court to the probate court of Cook county to review an order of that court disapproving a guardian's report of sale of real estate and ordering a re-sale of the property.

The Chicago Title and Trust Company, as guardian of Laurence S. Koechlin, a minor, petitioned the probate court of Cook county for an order to sell lot 9 in Huse & Powers' addition to Evanston, Cook county, Illinois. An order of sale was entered by the court in accordance with the prayer of the petition. The premises were duly advertised for sale and sold by the guardian to the plaintiff in error, Joseph McCallum, for $705, subject to an encumbrance thereon of $900, and the guardian reported the sale to the court. Thereupon the defendant in error C. W. James petitioned the court to disapprove the report of sale and to order the premises re-sold, and offered to bid therefor, in case the same were re-sold, the sum of $950, subject to the encumbrance thereon of $900, and deposited a certified check for $1000 with the clerk as earnest money to secure said bid, whereupon the court found that the amount of the bid at the sale was inadequate, declined to approve the report of sale and ordered the premises re-sold.

Charles L. Mahony, for plaintiff in error.

Pedrick & Dawson, for defendants in error.

Mr. Chief Justice Hand delivered the opinion of the court:

A motion has been made to dismiss the writ of error on the ground of lack of jurisdiction in this court to issue the same, which has been reserved to the hearing. It is contended in support of the motion, that this being a proceeding under the Guardian act, (Rev. Stat. chap. 64,) it is purely statutory, and the statute having failed to provide for the review of orders entered by the probate court under said statute by writ of error, that the only method by which said order can be reviewed is by the method provided by the statute, which is by appeal, and in support of said contention *Kingsbury* v. *Sperry*, 119 Ill. 279, *Allerton* v. *Hopkins*, 160 id. 448, and *Hart Bros.* v. *West Chicago Park Comrs.* 186 id. 464, are cited, wherein it is held that in statutory proceedings where one form of review is specifically given, all other forms of review are excluded. We are, however, of the opinion that section 43 of the Guardian act, which provides for appeals, was repealed by section 88 of the Practice act and section 8 of the Appellate Court act, and that a writ of error from this court to the probate court to review said order was properly sued out under said sections of said acts, as the same have been heretofore construed by this court in *Lynn* v. *Lynn*, 160 Ill. 307, and *Sutton* v. *Read*, 176 id. 69. In *Jennings* v. *Dunphy*, 174 Ill. 86, this court entertained a proceeding brought here by writ of error to review the order of the county court of Jersey county disaffirming a conservator's report of a sale of real estate and ordering a re-sale of the property. The provision providing for appeals in the act under which that sale was made are substantially the same as the provision providing for appeals in the act under which this sale was made. The effect of the approval of the report of said sale would have been to have invested the plaintiff in error with the title to the premises, and its disapproval prevented him from obtaining the title thereto, and a freehold is in-

volved in this proceeding. A guardian's sale differs from an administrator's or executor's sale to pay debts, as the minor is powerless to relieve his land from sale upon the petition of the guardian, where it appears that the statutory grounds authorizing a sale of his real estate exist and the approval of the report of the sale invests the purchaser with the title to his land, while, as held in *Richie* v. *Cox*, 188 Ill. 276, the heir or devisee has the right to pay claims against the estate of the former owner of the land sought to be sold at administrator's or executor's sale to pay debts and thereby relieve the land from sale; hence no freehold is involved in such a proceeding unless the title of the former owner is drawn in question by some person claiming to own the land, when a freehold is involved. (*Lynn* v. *Lynn, supra*.) The motion to dismiss the writ of error will be denied.

It is first contended that the petition of the defendant in error C. W. James not having been filed on behalf of the minor, it was not such an objection to the report of sale as the court could properly consider. We do not agree with this contention. James was a prospective bidder. He offered, in case the premises were re-sold, to raise the bid of the plaintiff in error $245, and to show his good faith deposited a certified check for $1000 with the clerk of the court to secure his proposed bid. In the *Jennings case* the objection to the sale and the approval of the report of sale was filed by a prospective bidder, who gave a bond to secure his bid, and although in that case the conservator and guardian *ad litem* afterwards asked that the sale be not approved, we fail to see that such action on their part was necessary to give the court jurisdiction. The county and probate courts of this State now largely fill the place once occupied by the courts of chancery with respect to the property of minors, and it is the duty of such courts to guard with special care the interests of minors. The probate court, upon its own motion, had the right to refuse to approve the sale if

the sale was improperly made, and the fact that its attention was challenged to the fact that the property had been sold for an inadequate sum, by a person who stood ready to pay more upon a re-sale than the property had been sold for, did not divest the probate court of power to decline to approve the sale and order a re-sale in case the sale had been improperly made. We do not hold that an intermeddler may appear in the probate court at any time and object to the confirmation of a guardian's sale solely because he may think the property was sold for too small an amount, but do hold that when a prospective bidder at a re-sale appears in court and offers to make a bid in excess of the amount for which the property was sold, and as evidence that his proposed bid is made in good faith deposits in court, in cash, an amount in excess of the amount of his proposed bid, upon the objection of such proposed bidder the court may properly investigate the question of the propriety of approving the sale, and if it appears that there is legal objection to the approval of the sale, may disapprove the same and order a re-sale of the property.

It is next contended that the probate court abused the discretion vested in it by entering the order disapproving the report of sale and ordering a re-sale of the property. In the *Jennings case* the court affirmed the order of the county court refusing to confirm a conservator's sale where the sale was regular in all respects, and the only reason for refusing to approve the sale was, that it appeared that on a re-sale the property would bring $400 more than the amount for which it had been sold, as appeared by the conservator's report of sale, which, in proportion to the value of the property, was an advance of much less than the amount which will be realized at a re-sale of this property if no more is realized at the sale than the amount of the proffered bid of defendant in error. A guardian's sale is very analogous to a conservator's sale, which, as was pointed out in the

case last referred to, differs somewhat from judicial sales in general, and what was said in that case, as the facts are substantially the same as in this case, with the exception that that was a conservator's sale, is especially applicable here.  On page 91 it is said: "In the case at bar the decree directed the conservator to expose the land at public vendue and to report the sale to the court, and *upon approval* and record thereof to execute a deed to the purchaser.  The notice of sale followed the decree, stating the terms of sale to be 'for cash in hand, upon approval of sale by the county court.'  The power of the conservator was derived from the decree, and he could not sell otherwise than according to its terms. It was the primary duty of the court to watch over and protect the interests of the party whose unfortunate disability had rendered necessary the appointment of a conservator and the sale of his property.  Here the sale was ordered to be made subject to the court's approval.  As soon as the report was filed exceptions were presented, by which it was made to appear that a confirmation of the sale would result in a loss to the estate of Charles M. Boyle of at least $400.  We are of the opinion that in this case the county court did not abuse its discretion in disapproving the report and ordering a re-sale."

The general rule is, that judicial sales will not be set aside for mere inadequacy of price, unless the inadequacy is so gross as to raise a presumption of fraud.  (*Quigley* v. *Breckenridge*, 180 Ill. 627; *Wilson* v. *Ford*, 190 id. 614.) It is, however, clear, that a probate or county judge has a broad discretion in the matter of approving or disapproving of sales of real estate made by guardians, as the title in no event vests in the purchaser until the sale is approved, (*Rawlings* v. *Bailey*, 15 Ill. 178; *Young* v. *Dowling*, id. 481;) and under the authority of *Jennings* v. *Dunphy, supra,* the order of the probate court refusing to approve the report of sale and ordering a re-sale of the property will be affirmed.

*Order affirmed.*