**Arthur L. Louthan, Plaintiff in Error, v. Charles Jenne, Defendant in Error.**

This case is controlled by the decision in People ex rel. Slusser v. Johnson, 145 Ill. App. 446.

Petition for removal of guardian. Error to the County Court of Douglas county; the Hon. E. D. HUTCHINSON, presiding. Heard in this court at the May term, 1909. Writ of error dismissed. Opinion filed October 25, 1909.

E. L. McDUFFEE and G. W. SALMANS, for plaintiff in error.

J. M. NEWMAN and JOHN H. CHADWICK, for defendant in error.

*Per Curiam*: This is a writ of error prosecuted by Arthur L. Louthan to reverse an order of the County Court of Douglas county, dismissing his petition, filed in said court, to remove Charles Jenne as guardian of his daughter Vivian, and for the custody, nurture and education of his said daughter. The writ of error must be dismissed for want of jurisdiction in this court to issue or to consider and determine the same. In the case of The People *ex rel.* Viola Slusser v. Johnson, 145 Ill. App. 446, wherein the County Court of Vermilion county had entered an order appointing a guardian of a minor child over the objection of the plaintiff in

error, and a writ of error from this court was prosecuted to reverse such order it was held, that this court was without jurisdiction to issue said writ, and we there said: ''Section 43 of the Act entitled 'Guardian and Ward' (Rev. Stat., p. 1174), provides that appeals shall be allowed to the Circuit Court from any order or judgment made or rendered under this Act, upon the appellant giving bond,'' etc. McCallum v. Trust Co., 203 Ill. 142, cited by counsel for plaintiff in error, was a writ of error sued out from the Supreme Court, to the Probate Court of Cook county, to review an order disapproving a guardian's report of sale of real estate and ordering a resale of the property. The court held that the foregoing section was repealed by implication by the adoption of section 88 of the Practice Act and section 8 of the Appellate Court Act and that the writ of error was properly sued out from the court. We do not think that it was there intended to be held that writs of error or appeals to review other orders in guardianship matters than those pertaining to applications to sell real estate, should issue from or lie to the Appellate or Supreme Courts. This view is borne out by section 11 of the Probate Court Act (Rev. Stat. 1905, p. 628), which provides that ''Appeals may be taken from the final orders, judgments and decrees of the Probate Courts to the Circuit Courts of their respective counties in all matters except in proceedings on the application of executors, administrators, guardians and conservators for the sale of real estate upon the appellant giving bond,'' etc. It is obvious that proceedings for the appointment of guardians are in no proper sense suits or proceedings at law or in chancery within the meaning of section 8 of the Appellate Court Act but that they are purely statutory. Grier v. Cable, 159 Ill. 29. This court therefore has no jurisdiction to issue writs of error to review orders, judgments or decrees of the County or Probate Courts in guardianship matters, except those involving applications to sell real estate and where a

freehold is not involved. Lynn v. Lynn, 160 Ill. 307. The proper remedy in proceedings of the present character, is through an appeal to the Circuit Court.

We adhere to the views as above expressed, and in conformity therewith the writ of error in this case will be dismissed.

*Writ of error dismissed.*