The People of the State of Illinois ex rel. State's Attorney, Defendant in Error, v. Henry Peters, Plaintiff in Error.

### Gen. No. 18,505.

1. APPEALS AND ERRORS—*proceeding to compel support of pauper.* A proceeding to compel a person to support a pauper, is not within the meaning of Sec. 8 of the Appellate Court Act, "a suit or proceeding at law or in chancery," but a summary proceeding.

2. APPEALS—*when decision final.* Where a particular jurisdiction is conferred upon an inferior court, its decision when acting within the jurisdiction conferred is final, unless provision is made by statute for an appeal.

3. APPEALS AND ERRORS—*what appealable.* An appeal does not lie from the county court in a proceeding to compel the support of a pauper.

Error to the Circuit Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed October 7, 1912. Rehearing denied October 21, 1912.

EDWARD H. KUBITZ, for plaintiff in error.

FRANCIS WILSON, for defendant in error; JOHN STELK and LOUIS B. ANDERSON, of counsel.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

A proceeding was begun in the County Court of Cook county under the Pauper Act, against the plaintiff in error, Henry Peters, hereinafter called defendant, to compel him to support his grandchild, Eddie Peters. The County Court entered an order that the defendant pay five dollars a week toward the support of the said grandchild, from which order the defendant appealed to the Circuit Court of Cook county. On motion of the People the Circuit Court dismissed the said appeal for want of jurisdiction on the ground that no appeal lies from the County Court on an order of this character. An appeal from the order dismissing the said appeal was denied by the Circuit Court and the defendant comes here by writ of error. On motion and agreement of the parties the cause was advanced because of the public importance of the question of the right to appeal in such cases.

The defendant insists that he has the right of appeal to the Circuit Court under Section 122 of "An Act to extend the jurisdiction of the County Courts and to provide for the practice thereof," etc., as follows: "Appeals may be taken from the final orders, judgments and decrees of the County Courts to the Circuit Courts of their respective counties in all matters except as provided in the following Section, upon the appellant giving bond and security in such amount and upon such conditions as the court shall approve, except as otherwise provided by law. Upon such appeal the case shall be tried *de novo*." The following Section, 123, provides for appeals and writs of error in certain designated cases directly to the Supreme or Appellate Courts. The Act to revise the law in re-

lation to paupers, Hurd's Stat., chap. 107, approved March 23, 1874, gave the County Court jurisdiction of all complaints to enforce the support of poor persons by certain of their relatives. The Act made no provision for an appeal from an order entered in proceedings thereunder.

It is first to be observed that said Section 122 has been repealed by Section 8 of the Appellate Court Act in so far as the former Section is in conflict with the Appellate Court Act. Union Trust Co. v. Trumbull, 137 Ill. 146; Sellers v. Thomas, 185 Ill. 384.

If the said proceedings under the Pauper Act be held a "suit or proceeding at law" or in chancery, then the order of the Circuit Court dismissing the appeal was proper, not because there was no right of appeal, but because the appeal should have been to this court. Section 6 of the Pauper Act provides: "The defendants being duly notified, the court shall proceed in a summary way to hear the proofs and allegations of the parties, without further written pleadings, and if satisfied by the allegations and proofs  *  *  *  make any and all necessary orders in regard to the custody of such poor person and for the payment weekly," etc. The orders of the court are enforceable by attachment as for contempt and by execution against the property of the defendant. It is probable that the orders of the court as to the custody of the poor person might be enforced only by attachment. It would seem from a study of the language of the statute that the proceedings thereunder were not suits or proceedings at law or in chancery, but tended to some considerable extent to be summary. They are so termed in The People v. Hill, 163 Ill. 186. This view is also supported in the reasoning of the court in Grier v. Cable, 159 Ill. 29, where the court held the presentation and adjudication of claims against an estate in probate was a summary proceeding and appeals therefrom were to the Circuit Court, saying: "In all its essen-

tial features this proceeding is distinctively statutory. The mere fact that when a claim is contested, so as to necessitate a trial, the trial is to be conducted in the same way in which suits at law are tried, can not of itself have the effect of converting a purely statutory proceeding into a suit or proceeding at law. In all other respects the proceeding is *sui generis*, and bears no analogy to proceedings conducted according to the forms of the common law. No written pleadings are required. (Thorp v. Goewey, 85 Ill. 611; Wolf v. Beaird, 123 Ill. 585). The proceeding is not governed by the technical rules which apply to suits at law. (Scheel v. Eidman, 68 Ill. 193.) A suit or proceeding at law, as those terms are used in section 8 of the Appellate Court Act, must be understood to mean a suit or proceeding instituted and carried on in substantial conformity with the forms and modes prescribed by the common law." Under the Michigan statute of 1871, providing for the care of poor persons, Section 3 was in part as follows: "The court to which such application may be made shall proceed in a summary way to hear the proofs and allegations of the parties and shall order such of the relatives," etc., and the court in Smith v. The Superintendent of the Poor, 34 Mich. 58, Mr. Chief Justice Cooley writing the opinion of the court, said: "The proceeding in the court below was had under the statute, to compel a son to support his mother. The statute contemplates that it shall be summary in its character, and it is in no sense after the course of the common law. The order which the Circuit Court makes is not properly a judgment, and the method of enforcing it is by attachment." We are of the opinion that within the meaning of Section 8 of the Appellate Court Act, the proceeding at bar is not a "suit or proceeding at law or in chancery," and in relation thereto Section 122 of the County Court Act is not in conflict with Section 8 of the Appellate Court Act.

The counsel for the People urge that: "The general statute upon the subject of appeals refers to the usual and ordinary civil proceedings and does not embrace proceedings under special act, and if a special act does not include a provision authorizing an appeal, no appeal can be taken," citing Allen v. Hostetter, 16 Ind. 15, and In re Goldsmith, 12 Oregon, 420.

In Allen v. Hostetter, *supra,* the court held: "That the general statute, upon the subject of appeals, was enacted in view of usual and ordinary proceedings and did not embrace proceedings under that special act; and as that act did not include a provision authorizing an appeal, therefore one could not be taken." In re Goldsmith, *supra,* the court held: "The general statutes of this State only authorize an appeal from a judgment in an action or decree in a suit. The determination in this proceeding is neither, and it will require a special enactment to give an appeal therefrom."

The County Courts by Section 5 of the said County Court Act were given jurisdiction of probate matters, and by Section 7 were given jurisdiction of certain cases at law and misdemeanors. Section 122 provided for appeals as heretofore quoted. The County Court was created by statute with certain limited jurisdiction, and by said express provision all matters within its jurisdiction as therein defined might be appealed to the Circuit Court with a trial *de novo,* except those matters Section 123 provided might be taken by appeal or writ of error to the Supreme Court or the Appellate Court. It would therefore seem that the provisions for appeal therein could only apply to the jurisdictional matters as therein defined. In the Matter of Storey, 120 Ill. 244, the court say, p. 252: "Appeals for the removal of causes from an inferior to a superior court, for the purpose of obtaining trials *de novo,* are unknown to the common law, and can only be prosecuted where they are expressly given by statute. See, also, Edwards v. Vandermack, 13 Ill. 633;

Horton v. Critchfield, 18 Ill. 133; Kemper v. Town of Waverly, 81 Ill. 278. The principle is too well settled by repeated decisions of this and other courts to require even a reference to authority to support it, that where a particular jurisdiction is conferred upon an inferior court or tribunal, its decision, when acting within the jurisdiction conferred, is final, unless provision is made by statute for an appeal from such decision. In no case has the Circuit Court inherent power to entertain appeals from inferior tribunals. Ward v. The People, 13 Ill. 635; Skinner v. Lake View Avenue Co., 57 Ill. 151.''

The argument is made by the defendant that under the County Court Act appeals are allowed from ''orders * * * in all matters,'' that it must mean what it says, and includes the order in the case at bar. By reference to the Section giving the County Court jurisdiction of probate matters it is quite apparent that the language quoted is in reference to orders in probate matters, and is perhaps necessary to provide for appeals from orders of the court entered in the exercise of its probate jurisdiction. Complaint is also made of the harshness of such a rule. If the law be considered unwise, the remedy is with the legislature.

The case of The People v. Hill, 163 Ill. 186, is relied upon by the defendant. In that case the appeal in a similar case was taken from the County Court to the Circuit Court and thence to the Supreme Court. That authority would of course be controlling in the case at bar had the point been there raised. As it does not appear to have been presented to the court in that case, we conclude the proper determination of the question is as indicated, and the appeal was properly dismissed.

The judgment is affirmed.

*Affirmed.*