## L. DeBoice, Appellant, v. Ira Martin, Executor, Appellee.

1. EXECUTORS AND ADMINISTRATORS, § 209*—*when estate is liable for attorney's fees.* To entitle one seeking to establish a note as a claim against an estate to the allowance of attorney's fees as part of his claim, he must be entitled thereto by virtue of some agreement of the testator to pay such fees.

2. EXECUTOR AND ADMINISTRATORS, § 614*—*when attorney's fees may be allowed on claim.* The provisions in a note and mortgage for the payment of attorney's fees if judgment be confessed under the power of attorney contained in the note, or if foreclosure proceedings are begun under the mortgage, or if a suit is brought at law to collect the debt, do not authorize the allowance of attorney's fees in a proceeding to establish the note as a claim against the estate of the maker.

Appeal from the Circuit Court of De Witt county; the Hon. GEORGE A. SENTEL, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed April 27, 1920.

W. F. GRAY, for appellant.

MORRIS J. HINCHLIFF, for appellee.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

Appellant filed a claim in the county court of De Witt county against the estate of Miriam Martin, deceased, consisting of a promissory note dated October 14, 1914, due 3 years after date for $865, drawing 7

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

per cent interest per annum, in which it is recited that it is secured by a mortgage on real estate. The total claim filed was for $967.06. We learn from the argument of counsel that included in that amount is $100 for attorney's fees for presenting and representing appellant in regard to this claim. The part of the claim that was for attorney's fees was contested. It was eventually tried in the circuit court of De Witt county on appeal from the county court. The trial was without a jury, the finding and judgment of the circuit court was in favor of appellant and against appellee for $852.72. This is conceded by both parties to be the amount due on the note on the day of the judgment for principal and interest. The court expressly disallowed the claim for $100 attorney's fees.

The only error argued by appellant is the refusal of the court to allow appellant's claim for $100 attorney's fees.

It is obvious that if appellant is entitled to have attorney's fees allowed as a part of his claim, it must be by reason of some contract wherein the testator agreed to pay the same.

The note sued on contains the following language:

"And to secure the payment of said amount we hereby authorize, irrevocably, any attorney of any court of record, without process, to appear for us in such court, in term time or vacation, at any time hereafter, and confess a judgment in favor of the holder of this note, for such amount as may appear to be unpaid thereon, together with costs, and 100 dollars attorney's fees and to waive and release all errors which may intervene in any such proceedings, hereby ratifying and confirming all that our said attorneys may do by virtue hereof."

The mortgage given to secure the note contains:

"And in case of foreclosure of this mortgage being commenced or suit brought at law upon any or all of said principal or interest notes, the court shall tax up with the costs a sum not to exceed One Hundred Dol-

lars as an attorney's fee, to be collected as a part of the debt hereby secured, hereby releasing and waiving all rights under and by virtue of the Homestead Exemption Laws of this State.''

These quotations from the note and mortgage contain all the evidence there is in the record that there was any contract on the part of the testator to pay appellant attorney's fees under any circumstances. It will be noted that there are three circumstances mentioned in these two instruments under which attorney's fees may be collected: First, if judgment be confessed under the power of attorney contained in the note; second, if foreclosure proceedings are begun under the mortgage; third, if suit is brought at law to collect the debt. As we understand appellant's argument, it is not contended by him that he is making any claim under either the first or second set of circumstances mentioned. That is, he does not contend that he is seeking a judgment by confession or that the proceeding begun is to foreclose the mortgage, but he does contend that filing and prosecuting a claim in the probate court is essentially a suit at law. In that contention appellant is in error. In *Grier v. Cable,* 159 Ill. 29, reading on page 36, speaking of a claim filed against the estate of a deceased person, the court says: ''In all of its essential features this proceeding is distinctivly statutory.'' The mere fact that when a claim is contested so as to necessitate a trial, the trial is to be conducted in the same way in which suits at law are tried, cannot of itself have the effect of converting a purely statutory proceeding into a suit or proceeding at law. In all other respects the proceeding is *sui generis* and bears no analogy to proceedings conducted according to the forms of the common law. No written pleadings are required. *Thorp v. Goewey,* 85 Ill. 611; *Wolf v. Beaird,* 123 Ill. 585. The proceedings are not governed by the technical rules which apply to suits at law. *Scheel*

*r. Eidman,* 68 Ill. 193. A suit or proceeding at law as those terms are used in section 8 of the Appellate Court Act (J. & A. ¶ 2968) must be understood to mean a suit or proceeding for the presentation and allowance of claims against the estate of deceased persons do not come within that definition seems to us too plain for serious discussion. The foregoing opinion has been cited with approval in *Christensen v. R. W. Bartelmann Co.,* 273 Ill. 346; *Lauruszka v. Empire Mfg. Co.,* 271 Ill. 304; *Myers v. Newcomb Spec. Drain. Dist.,* 245 Ill. 140; *Zeigler v. Illinois Trust & Savings Bank,* 245 Ill. 180; *People v. Johnson,* 145 Ill. App. 446; *Louthan v. Jenne,* 151 Ill. App. 77; *People v. Peters,* 173 Ill. App. 564; *Larimer v. Snell,* 181 Ill. App. 50; *Lavin v. Wells Bros. Co.,* 195 Ill. App. 108; *Carlson v. Avery Co.,* 196 Ill. App. 262.

This proceeding not being a judgment by confession, a foreclosure proceeding or a suit at law, it follows that there is nothing in this record to warrant a holding that the testator contracted to pay or was in any way liable to pay attorney's fees in this case where the note was filed as a claim against an estate.

The judgment is affirmed.

*Affirmed.*