**The People of the State of Illinois, Defendant in Error, v. Ruth Seeney et al., Plaintiffs in Error.**

1. APPEAL AND ERROR—*writ of error as not lying in statutory proceeding.* A writ of error does not lie from the Appellate or Supreme Court in a purely statutory proceeding.

2. APPEAL AND ERROR—*writ of error as not lying to review order in pauper proceeding.* An order by a county court requiring certain relatives to contribute to the support of a pauper, who is unable to earn her livelihood in consequence of her physical and mental infirmities, made after a hearing upon a complaint filed by the State's Attorney under Cahill's Ill. St. ch. 107, ¶ 1, is made in a purely statutory proceeding, and a writ of error from the Appellate Court to review such order will not lie.

Error to the County Court of DeWitt county; the Hon. JOHN BEDINGER, Judge, presiding. Heard in this court at the October term, 1920. Writ dismissed. Opinion filed January 4, 1922.

L. O. WILLIAMS and E. B. MITCHELL, for plaintiffs in error.

GROVER C. HOFF, W. F. GRAY and F. K. LEMON, for defendants in error.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

Grover C. Hoff, State's Attorney of DeWitt county, at the March term, 1920, of the county court, filed an information in the name of the People, under section 1,

ch. 107, Rev. St. (Cahill's Ill. St. ch. 107, ¶ 1), against
Ruth Seeney, Julia Lawrence and the plaintiffs in er-
ror, Eliza Armstrong, Barzilla C. Sprague, John T.
Sprague, Charles P. Sprague and Mary Koontz, charg-
ing that the parties mentioned had failed, neglected
and refused to support Margaret Swan, a widow and
a pauper, wholly without means and unable to earn a
livelihood for herself, in consequence of bodily and
physical infirmities, the said Ruth Seeney and Julia
Lawrence being children of Margaret Swan, and the
said Margaret Swan being a sister of the plaintiffs in
error mentioned. There was a hearing in the county
court on the information, and the court found, from
the evidence heard, that Margaret Swan had been for
many years past a resident of DeWitt county, and was
suffering from paralysis, and was entirely helpless,
and of unsound mind, and was a poor person who was
unable to earn a livelihood in consequence of her
bodily infirmity and unsoundness of mind; that she
was in need of food and clothing, medicine, a physi-
cian's services and nursing; and needed some one to
prepare food for her and constant attention; and that
the reasonable cost of such services and needs was $150
a month. That all of the daughters of Margaret Swan
are married women, and have no separate property or
means of their own, except an interest in some lands
in the State of Oklahoma; that Margaret Swan has the
life interest, and said daughters have the remainder in
fee, of said Oklahoma lands, which are of the value of
about $8,000, but subject to an incumbrance of $3,000;
that Margaret Swan has a life estate in a house and
lot in the City of Clinton, where she has resided for
many years, and an income from the Oklahoma lands
of about $480 a year; that Julia Lawrence and Ruth
Seeney have both contributed largely of their time and
means of their respective husbands to the care and
support of said Margaret Swan; that the plaintiffs in
error have sufficient means to contribute to her sup-

port, but have not contributed anything; that Margaret Swan is in need of $30 per week for her support, care and nursing, and the court therefore ordered that the plaintiff in error Barzilla C. Sprague pay the sum of $15 per week; and that the plaintiffs in error Charles P. Sprague, John T. Sprague and Eliza Armstrong each pay the sum of $5 per week to L. De Boice, the conservator of Margaret Swan, for her support, care, nursing, aid and comfort. A writ of error is prosecuted from the foregoing order.

It is sufficient to say that the order made by the county court is in a purely statutory proceeding. *People v. Peters*, 173 Ill. App. 564. Writs of error do not lie from the Appellate or Supreme Court in a purely statutory proceeding. *People v. Emmerson*, 294 Ill. 219. The writ is therefore dismissed.

*Dismissed.*