## B. R. McMahan, Appellant, v. Mary A. Trautvetter et al., Appellees.

### Gen. No. 6,968.

1. GUARDIAN AND WARD—*right of appeal to circuit court from appointment of guardian.* It was not intended by section 118 of the Practice Act (Cahill's Ill. St. ch. 110, ¶ 118) and section 8 of the Appellate Court Act (Cahill's Ill. St. ch. 37, ¶ 40) to abolish all right of appeal from the county court to the circuit court, and an appeal will lie to the circuit court from the appointment of a guardian of the person and estate of an infant.

2. GUARDIAN AND WARD—*who have appealable interest in proceeding for appointment of guardian.* The grandparents, uncles and aunts of an infant have such an interest in the conservation of the estate and the proper care and custody of a child that the law recognizes them as not only proper but necessary parties to a proceeding for the appointment of a guardian, and they have an appealable interest in a proceeding in the county court for such appointment.

3. GUARDIAN AND WARD—*estoppel to appeal from order appointing guardian.* Where relatives of an infant petitioned the county court for the appointment of guardians of its person and property, asking the appointment of certain persons "or some other person," the appointment of their adversary was a denial of their petition and they were not estopped from appealing from the order of appointment.

4. GUARDIAN AND WARD—*when findings as to persons to be appointed guardians not disturbed by Appellate Court.* Where both the party appointed as guardian of the person and estate of an infant in the county court and those appointed on appeal by the circuit court were suitable persons to act as guardians, it would

be improper for the Appellate Court to interfere with the findings of the circuit court.

Appeal from the Circuit Court of Hancock county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the October term, 1920. Affirmed. Opinion filed February 23, 1922.

PLANTZ & LAMET and O'HARRAS, WOOD & WALKER, for appellant.

HARTZELL, CAVANAGH & MARTIN and SCOFIELD & CALIFF, for appellees.

MR. JUSTICE JONES delivered the opinion of the court.

This is an appeal from an order of the circuit court of Hancock county appointing a guardian of the person and also a guardian of the estate of a minor.

At the time the above-mentioned order was entered, Lucile Maxine McMahan was about 4 years of age. Her father, John Earl McMahan, died January 31, 1920, and her mother, Anna Edith McMahan, died February 10, 1920. Both died of influenza. Lucile was the only child and heir of her parents. John Earl McMahan was survived by one sister and two brothers, the appellant being one of them. The mother of Lucile was survived by her father, Theodore Trautvetter, two brothers, George and Fred and two sisters, Lillie and Mary A., all of whom are the appellees here.

Two days after the death of Lucile McMahan's mother, the above-mentioned B. R. McMahan filed a petition in the county court of Hancock county asking to be appointed guardian of the person and estate of his said niece, Lucile, and his appointment was made pursuant to such petition. He thereupon gave bond and qualified as such guardian. During the same term of court, to wit, on February 28, 1920, the above-named Fred C. Trautvetter, one of the brothers of the mother of said child, filed his petition in the county court alleging that the letters of guardianship to McMahan were issued without notice to the other relatives of the

minor child and asked that the same be revoked and that he, the said Fred C. Trautvetter, or his father or brother or sisters, be permitted to file a petition for the appointment of the said Mary A. Trautvetter or Lillie E. Trautvetter "or some other proper person" as guardian of the said child. Upon a hearing on this petition the county court entered an order finding that no sufficient notice had been given of the hearing for the appointment of said McMahan as guardian as aforesaid. For that reason the order appointing him was held void and was accordingly vacated and set aside. The order further provided that the said father, brothers and sisters of the deceased mother of Lucile McMahan, or any or either of them, be permitted to file a petition for the appointment of a guardian for said child. Immediately thereafter they filed such a petition asking that Mary A. Trautvetter, or some other person to be selected by the court, be appointed guardian for the person of said minor and that William Dodge, or some other person to be selected by the court, be appointed as guardian of the estate of said minor. The petition theretofore filed by the said B. R. McMahan stood as his petition asking for his own appointment of the person and estate of said minor. The two petitions were heard and considered together and numerous witnesses were produced and examined, and, after consideration, the court entered an order appointing the said B. R. McMahan guardian of the person, property and estate of the said minor and directing that he enter into a bond in the sum of $50,000 to be approved by the court. Such a bond was duly presented and approved and letters of guardianship were again issued to the said B. R. McMahan. From this order the said father, brothers and sisters of Anna Edith McMahan prosecuted an appeal to the circuit court of Hancock county and the case was regularly docketed to the June term, 1920, thereof. A motion was thereupon entered by B. R. McMahan in-

lividually and as guardian to dismiss the appeal. The motion was in writing and a number of grounds were therein assigned as a basis for said motion. The circuit court denied the motion and proper exceptions were preserved. The cause then came on for a hearing before the court upon the two petitions filed in the county court and upon the evidence heard and produced in open court. By agreement of parties each side was limited to fifteen witnesses in chief as to the fitness of the respective parties to act as such guardian. The court entered an order appointing Mary A. Trautvetter as guardian of the person of the said child and appointed William A. Dodge as guardian of her property and estate and fixed the bond of Mary A. Trautvetter at $2,000 and that of William A. Dodge at $60,000. This appeal is from that order.

Appellant insists that the circuit court was without jurisdiction in this behalf because an appeal from the county court does not lie to the circuit court. In support of his position he cites *McCallum v. Chicago Title & Trust Co.*, 203 Ill. 142, wherein it is held that section 43 of the Guardian and Ward Act (Cahill's Ill. St. ch. 64, ¶ 44) which provides for appeals to the circuit court was repealed by section 88 (now section 118) of the Practice Act (Cahill's Ill. St. ch. 110, ¶ 118) and by section 8 of the Appellate Court Act (Cahill's Ill. St. ch. 37, ¶ 40). A study of that case will disclose that it was not the intention of the Supreme Court to hold that all appeals from the county court to the circuit court were abolished. The Supreme Court merely held that matters involving the sale of real estate by a guardian were no longer appealable from the county court to the circuit court but the appeal is direct to the Supreme Court.

The Appellate Court of the Third District in *People v. Johnson*, 145 Ill. App. 446, discussed the *McCallum* case and expressed the view that it was not there intended to be held that writs of error or appeals to re-

view orders in guardianship matters, other than those pertaining to applications to sell real estate, should issue from or lie to the Appellate or Supreme Court. And it is said that: "It is obvious that proceedings for the appointment of guardians are in no proper sense suits or proceedings at law or in chancery within the meaning of section 8 of the Appellate Court Act." The matter then under consideration by the Appellate Court of the Third District was an appeal from an order of the county court appointing a guardian, and it was held that the Appellate Court had no jurisdiction and that the proper remedy was by an appeal to the circuit court. Again, the Appellate Court of the Third District in the case of *Louthan v. Jenne,* 151 Ill. App. 77, in considering a case before it on writ of error to reverse an order dismissing a petition to remove a guardian, the case of *People v. Johnson, supra,* was quoted from at length with approval and that court again declared it has no jurisdiction to issue writs of error to review orders, judgments or decrees of the county or probate courts in guardianship matters, except those involving applications to sell real estate and where a freehold is not involved. The view that the proper remedy in such proceedings is through an appeal to the circuit court was expressly adhered to. This court in *Gersman v. Cooper,* 125 Ill. App. 402, had occasion to consider section 8 of the Appellate Court Act in determining whether or not that act deprived the circuit court of jurisdiction in cases of an appeal from an order of the county court appointing a conservator. We then held that such appeals should be taken to the circuit court and not to the Appellate Court. Under the authorities above cited, we are of the view that the circuit court of Hancock county had jurisdiction to hear and determine the appeal in this case.

Appellant also challenges the right of the appellees here to appeal from the county court to the circuit

court on the ground that they have no appealable interest, and further, that even if they had an appealable interest the action of the county court in appointing appellant as guardian was in pursuance of the prayer of their own petition and, therefore, they cannot complain of such action. Section 10 of chapter 64, known as the Guardian and Ward Act (Cahill's Ill. St. ch. 64, ¶ 10) provides that notice of such application as the one in this case shall be given to the relatives of the minor residing in the county. The appellees were residents of Hancock county and were entitled to notice. If they were necessary parties we can see no basis for the claim that they have no such interest in such as will entitle them to prosecute an appeal from a decision adverse to what they deem is their interest in the subject-matter. Here this little girl was the sole heir to a very considerable estate. Her grandparent, uncles and aunts have such a natural interest not only in the conservation of the estate of the child but also in her proper care and custody that the law recognizes them as not only proper parties but necessary parties to a proceeding for the appointment of a guardian. It seems to us that their right to appeal in this case is clear.

Although the petition of appellees to the county court prayed for the appointment of Mary A. Trautvetter "or some other person" as guardian of the person of the minor and also prayed for the appointment of William A. Dodge "or some other person" as guardian of the estate of said minor, it is inconceivable that the appointment of their adversary in the contest, B. R. McMahan, should be considered as anything but the denial of their own petition. It is certain that the appellees were defeated before the county court and consequently they were not estopped to complain of the order of the county court by their appeal.

It is urged very strenuously that the circuit court erred in its appointment of the guardians as aforesaid

and that appellant under the evidence before the court should have been appointed as guardian. It cannot be disputed that the evidence in this case shows that appellant is a fit and suitable person to manage the estate of the minor and that he and his wife are proper persons to have the care, custody and education of his niece. Neither can it be denied that appellee, Mary A. Trautvetter, is a suitable person to have such care and control of the person of the minor. The child's environments in the home of either of the contestants would be good. It is, indeed, very fortunate that this little orphan was so well circumstanced in the matter of her protection, comfort and welfare. The trial court heard the evidence and saw the witnesses. It was in a far better position than we to judge from the facts and circumstances shown upon the trial where the best interests of the child lie, and it would be improper for us to disturb the findings unless it were manifest from the record that the trial court had erred in its judgment. We cannot see that the circuit court committed any error in this regard and the judgment of that court is, therefore, affirmed.

*Affirmed.*