ɪ ROBERT J. GRIER, EXr.

*v.*

CHAUNCEY M. CABLE.

*Filed at Ottawa November 1, 1895.*

1. JURISDICTION—*when joining in trial waives question of jurisdiction of subject matter.* An executor is estopped from questioning the jurisdiction of the circuit court, on appeal from a county court, in case of a contested claim, where he has joined in trying the case twice in the circuit court without objection to the jurisdiction.

2. SAME—*effect of voluntary submission of controversy to competent court.* Appearance before a court of competent jurisdiction, and submission to it of a controversy for adjudication, give full power to try the case and render judgment, without regard to the original process by which the case is brought into court.

3. APPEALS AND ERRORS—*appeal from allowance of claim against estate goes to circuit court.* Appeals from judgments of county courts, allowing or disallowing claims against estates are required to be taken to the circuit court and not to the Appellate Court, as they are in no proper sense suits or proceedings at law or in chancery, within the meaning of section 8 of the Appellate Court act, but are purely statutory proceedings.

BAKER, J., dissents as to the reasoning in the opinion.

*Grier* v. *Cable*, 53 Ill. App. 350, affirmed

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

KIRKPATRICK & ALEXANDER, for plaintiff in error:

Prior to the passage of the law of 1887 amending the Appellate Court act, there was no question that the circuit court had jurisdiction, by appeal, in all such cases, but we contend that by that act such right of appeal was taken away. *Lee* v. *People*, 140 Ill. 536; *Fowler* v. *Pirkins*, 77 id. 271; *Ashford* v. *People*, 82 id. 214; *Johnson* v. *People*, 84 id. 377; *Steele* v. *Steele*, 89 id. 51; *Millard* v. *Harris*, 119 id. 192; *Union Trust Co.* v. *Trumbull*, 137 id. 156.

In *Darling* v. *McDonald*, 101 Ill. 374, it is held that an action against an administrator is "a cause in law." In

159  29
160  315

159  29
63a 219
66a 361

159  29
68a 391

159  29
69a 326
70a 634

159  29
73a 669

159  29
80a 265
80a 617

159      29
95a  [3]209

159      29
96a  [3]405
f98a [3]322

159      29
114a [2]592

*McGowan* v. *Duff*, 41 Ill. App. 58, which was an appeal under section 11 of chapter 77, relating to the trial of the right of property, the court say that the act of 1887 "probably repealed all provisions requiring such appeals to be taken to the circuit court, to be tried *de novo*, and therefore it was proper to allow the appeal to this court."

G. B. MORGAN, J. H. HANLEY, and J. H. CONNELL, for defendant in error:

The only case cited by counsel in any degree favoring their position is that of *Lee* v. *People*, 140 Ill. 536. That was a bastardy case, and belongs to the law side of the county court. In the following cases pertaining to the probate side of the court an appeal to the circuit court is recognized as being proper: *Kingsberry* v. *Sperry*, 119 Ill. 279; *Millard* v. *Harris*, id. 192; *Randolph* v. *People*, 130 id. 533.

As to the case of *Union Trust Co.* v. *Trumbull*, 137 Ill. 156, that was decided on the theory that the assignment law only assumed to modify and regulate an existing common law right, and it was therefore a law case.

The Administration act was in no way modified or changed, or the mode of appeals arising thereunder affected, by the law of 1887. *Randolph* v. *People*, 130 Ill. 533.

Mr. JUSTICE BAILEY delivered the opinion of the court:

In this case Chauncey M. Cable filed in the county court of Warren county a claim against the estate of Sarah Lafferty, deceased, for services rendered by the claimant to the deceased in her lifetime, and the claim being contested by Robert J. Grier, the executor of the last will and testament of the deceased, a trial was had in the county court, resulting in a judgment disallowing the claim. The claimant thereupon prayed and perfected an appeal to the circuit court of Warren county, where, on trial before the court and a jury, a verdict was rendered in favor of the claimant for $1000. That verdict being set aside by the court, the cause was again tried by a jury and a verdict rendered in favor of the executor.

A judgment having been rendered on that verdict, the cause was taken by the claimant to the Appellate Court by appeal, where the judgment was reversed and the cause remanded. A third trial was then had in the circuit court, resulting in a verdict in favor of the claimant for $1000, and judgment was rendered accordingly. On appeal to the Appellate Court that judgment was affirmed, and this appeal is from the judgment of affirmance.

After the cause was remanded by the Appellate Court to the circuit court the executor entered his motion in the last named court to dismiss the cause out of that court, on the ground that appeals from the final judgments of county courts in cases of this character should be taken to the Appellate Court and not to the circuit court, and that the circuit court was therefore without jurisdiction. The claimant, on the other hand, in answer to the motion, offered evidence tending to show that the cause was removed from the county court to the circuit court by agreement and stipulation of the parties. The motion to dismiss was overruled, and the correctness of that ruling of the court constitutes the principal question presented by the present appeal.

Whether the cause was removed from the county court to the circuit court by stipulation of the parties or not, it sufficiently appears that the parties joined in trying the cause in the circuit court twice without any objection to the jurisdiction of the court, and it would seem that such conduct on the part of the executor should estop him from questioning the jurisdiction of that court on a third trial. There can be no doubt that the circuit court, being a court of general original jurisdiction, is vested by law with jurisdiction of the subject matter of suits against executors to recover claims against the estates of testators, and it would seem that where a controversy of that character is brought before that court by the express or tacit agreement of the parties the court has jurisdiction of both the subject matter and of the persons of the par-

ties litigant, wholly irrespective of the fact that the litigation was originally commenced before the county court. While consent can not give jurisdiction of a subject matter to a court not vested by law with such jurisdiction, yet where the parties appear before a court of competent jurisdiction and submit to it their controversies for adjudication, the court acquires full power to try the case and render judgment, wholly independently of the character of the original process by which the case is nominally brought within its jurisdiction.

But while we are convinced of the soundness of these views and of their applicability to the record before us, we are disposed to place our decision upon the ground that, under our statutes regulating appeals as they now exist, appeals from judgments of county courts allowing or disallowing claims against the estates of decedents are required to be taken to the circuit court and not to the Appellate Court. The statutes bearing upon the question, as they stood prior to the act of 1887 amending section 8 of the Appellate Court act, consisted of section 68 of the act in relation to the administration of estates, and sections 122 and 123 of the act in relation to county courts. Section 68 of the act in relation to the administration of estates is as follows:

"Sec. 68. In all cases of the allowance or rejection of claims by the county court, as provided in this act, either party may take an appeal from the decision rendered, to the circuit court of the same county, in the same time and manner appeals are now taken from justices of the peace to the circuit courts, by appellant giving good and sufficient bond, with security, to be approved by the county judge; and such appeals shall be tried *de novo* in the circuit court.".

Sections 122 and 123 of the act in relation to county courts are as follows:

"Sec. 122. Appeals may be taken from the final orders, judgments and decrees of the county courts to the cir-

cuit courts of their respective counties, in all matters except as provided in the following section, upon the appellant giving bond and security in such amount and upon such conditions as the court shall approve, except as otherwise provided by law. Upon such appeal the case shall be tried *de novo*.

"Sec. 123. Appeals and writs of error may be taken and prosecuted from the final orders, judgments and decrees of the county court to the Supreme Court or Appellate Court, should such a court be established by law, in proceedings for the sale of lands for taxes and special assessments, and in all common law and attachment cases, and cases of forcible detainer and forcible entry and detainer."

Section 8 of the Appellate Court act, as amended June 6, 1887, so far as it has any bearing upon the question now before us, is as follows:

"Sec. 8. The said Appellate Courts created by this act shall exercise appellate jurisdiction only, and have jurisdiction of all matters of appeal or writs of error from the final judgments, orders or decrees of any of the circuit courts, or the Superior Court of Cook county, or county courts, or from the city courts, in any suit or proceeding at law or in chancery, other than criminal cases not misdemeanors, and cases involving a franchise or freehold or the validity of a statute."

In *Union Trust Co.* v. *Trumbull*, 137 Ill. 146, we considered section 8 of the Appellate Court act, as amended in 1887, in its bearing upon section 122 of the County Court act, and reached the conclusion that it had the effect, by implication, of repealing so much of section 122 as was in conflict with it. That case was a controversy in the county court between different creditors as to their respective rights to certain property assigned by their debtor by a voluntary assignment for the benefit of creditors, and from the final decree in which an appeal had been taken to the Appellate Court and thence to this

court. As it was neither a common law nor attachment case, nor belonging to either of the classes of cases mentioned in section 123 of the County Court act, it was clear that if section 122 had been in force the appeal could have been properly taken only from the county court to the circuit court. But the case was held to be a proceeding in chancery, within the meaning of section 8 of the Appellate Court act as amended, and that section 122, so far as it applied to such case, was repealed, and that under the provisions of the Appellate Court act the appeal was properly taken to the Appellate Court.

*Lee* v. *People*, 140 Ill. 536, was a bastardy case, in which an appeal from the final judgment of the county court was taken to the Appellate Court and thence to this court. The question was whether the appeal was properly taken to the Appellate Court. The case was clearly one in which, if section 122 of the County Court act was in force, the appeal should have been taken to the circuit court, but it was held to be a proceeding at law, within the meaning of section 8 of the Appellate Court act, and consequently that the appeal was properly taken to the Appellate Court.

If, then, it be admitted, as we think it must, that section 8 of the Appellate Court act, as amended in 1887, effected, by implication, a repeal of section 122 of the County Court act, so far as the latter section was inconsistent with it, it must be held, upon precisely the same grounds, that it operates as a repeal of section 68 of the act in relation to the administration of estates, in so far as that section is inconsistent with it. The question presented then is, whether proceedings for the presentation, proof and allowance of claims against the estates of decedents are suits or proceedings at law or in chancery. It they are, the appeal should have been taken to the Appellate Court, as provided by section 8 of the Appellate Court act. If they are not, the appeal was properly

taken to the circuit court under the provisions of section 68 of the act in relation to the administration of estates.

We are of the opinion that the proceedings provided by law in this State for the presentation and allowance of claims against the estates of decedents are in no proper sense suits or proceedings at law or in chancery, but purely statutory proceedings, provided for the prompt and summary presentation, allowance and classification of all just claims against such estates. In some States claims are only required to be presented to the executor or administrator, and his settlement of them in due season obviates all further proceedings on the claimant's part, while his refusal or neglect to settle throws the claimant back upon his usual remedies at law, and the probate tribunal passes, not upon individual claims, but only upon the administration account, with its various items, and not in advance of payment, but after payment has been made. (Schouler on Executors and Administrators, sec. 420.) And this is believed to have been substantially the mode pursued in the administration of estates in England. But in this State each separate item must be presented to and allowed by the court exercising probate jurisdiction, and assigned to its proper class, before payment can properly be made.

For the purpose of having claims against the estate presented and adjusted, the statute requires every executor or administrator to fix upon a term of court, within six months of the date of his qualification, for the adjustment of claims against the decedent, and to publish certain notice requesting all persons having claims against the estate to attend the term so fixed upon, for the purpose of having their claims adjusted; and it is provided that if the claimant appears and produces his claim in writing, and no objection thereto is made by the executor or administrator, or by the widow, heirs or others interested, and the claimant swears that his claim is just and unpaid, after allowing all just credits the court may allow

the claim without further evidence, but if objection is made to the claim by the executor, administrator, widow, heirs or others interested, it shall not be allowed without further and sufficient evidence; and the court may allow either party further time to produce evidence in his favor. And it is further provided, that the case shall be tried and determined as other suits at law, either party having a right to demand a jury of six or twelve men. Provision is also made for the subsequent presentation of claims by such claimants as fail to present them for adjustment at the term selected, and for summons to the executor or administrator, and upon the service of summons or the voluntary appearance of the executor or administrator the same proceedings may be had as if the claim had been presented at the term fixed for the adjustment of claims against the estate. Provision is made for the allowance of claims not due after deducting a proper rebate for interest, and also for the allowance of set-offs in favor of the estate. Rev. Stat. chap. 3, sec. 60, *et seq.*

In all of its essential features this proceeding is distinctively statutory. The mere fact that when a claim is contested, so as to necessitate a trial, the trial is to be conducted in the same way in which suits at law are tried, can not, of itself, have the effect of converting a purely statutory proceeding into a suit or proceeding at law. In all other respects the proceeding is *sui generis*, and bears no analogy to proceedings conducted according to the forms of the common law. No written pleadings are required. (*Thorp* v. *Goewey*, 85 Ill. 611; *Wolf* v. *Beaird*, 123 id. 585.) The proceeding is not governed by the technical rules which apply to suits at law. (*Scheel* v. *Eidman*, 68 Ill. 193.) A suit or proceeding at law, as those terms are used in section 8 of the Appellate Court act, must be understood to mean a suit or proceeding instituted and carried on in substantial conformity with the forms and modes prescribed by the common law, and that proceedings for the presentation and allowance of claims against

.the estates of deceased persons do not come within that definition seems to us too plain for serious discussion. They bear a closer analogy to proceedings for the presentation and allowance of claims in bankruptcy or insolvency, or before a receiver or master in chancery.

The only authority cited by counsel for the executor to show that a proceeding before the county court for the allowance of a claim against the estate of a deceased person is a proceeding at law, is *Darling* v. *McDonald*, 101 Ill. 370. But in that case the suit, which was held to be a."cause in law," was a suit in assumpsit brought against an executor in the circuit court, the question being whether that court had jurisdiction of suits against executors to recover upon an indebtedness due from the testator, under the provision of the constitution which gives to circuit courts jurisdiction of all cases in law. Manifestly this case has no bearing upon the proposition in support of which it is cited.

Our conclusion then is, that this is not a suit or proceeding at law or in chancery, within the meaning of section 8 of the Appellate Court act, and that the appeal, therefore, was properly taken from the county court to the circuit court.

The counsel for the executor have assigned various errors upon the rulings of the court in the admission of evidence and in the giving and refusing of instructions. To discuss all the points thus made in detail would be a burdensome as well as a useless task. We have examined the record with care, aided by such suggestions as counsel have seen proper to submit, and have reached the conclusion that in all these rulings of the court there is no reversible error. Some of the questions which the court allowed to be put to the witnesses were in some respects improper, and the objections thereto should have been sustained. But when all the evidence is considered we are of the opinion that no material injury has resulted to the executor.

As to the instructions, all that need be said is, that a considerable number of instructions were given for each party, and quite a number asked on behalf of the executor were refused. The propositions of law embodied in the refused instructions, so far as they were proper and material, were contained, in substance, in those given. Some of the instructions given for the claimant were inaccurate, but the inaccuracies were not of a character which, in view of all the evidence and the instructions given, could have affected the case of the executor prejudicially.

We find no material error for which the judgment should be reversed, and it will accordingly be affirmed.

*Judgment affirmed.*

Mr. JUSTICE BAKER: I concur in the conclusion but not in all that is said in the opinion.