## Patrick Hursen v. Margaret Hursen.

1. PRACTICE—*Question of Jurisdiction of the Subject-Matter of an Appeal May Be Brought to the Attention of the Court at Any Time.*— A want of jurisdiction of the subject-matter of an appeal may be brought to the attention of the court at any time. The court may raise the question of its own motion.

2. FREEHOLDS—*When Involved.*—A freehold is only involved when the result of the litigation must be that one party will gain and another lose a freehold estate, or where the title is so put in issue by the pleadings that a decision of the case necessarily involves a decision as to the title.

**Bill to Set Aside a Deed.**—Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge presiding. Heard in this court at the October term, 1902. Dismissed. Opinion filed November 12, 1903.

F. S. BAIRD, attorney for appellant.

BENEDICT J. SHORT, attorney for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellant filed his bill against appellee to set aside a warranty deed of a certain lot in Chicago from him to her, which the bill alleges was obtained from appellant by the fraud and misrepresentations of appellee and in pursuance of a conspiracy between her, her sister and other persons, and setting out the alleged fraudulent acts and representations of appellee. The bill prays, among other things, that the deed in question be declared null and void, and that it be delivered up to be canceled. The answer of appellee denies the alleged fraud set up in the bill, and alleges that the property in question was agreed to be and was conveyed by appellant to her in settlement of property rights between them and in consideration of their marriage, then about to take place. Other allegations are made in the bill and answer which are unnecessary to be stated, inasmuch as it is apparent from those set out that the title in fee simple to the lot in question was directly put in issue by the pleadings. The chancellor on a hearing dismissed the bill for want of equity, from which the appeal herein was taken.

Since the filing of the briefs appellee has moved to dismiss the appeal for want of jurisdiction of this court for the reason that a freehold is involved.

Appellant claims that the motion comes too late, because appellee's brief had already been filed when the motion was made and the point was not raised by the brief. The motion was in apt time, as a want of jurisdiction of the subject-matter of an appeal may be brought to the attention of the court at any time. The court may raise the question of its own motion. Nigh v. Dovel, 84 Ill. App. 229-31.

In the very recent case of People v. R. R. Co., 203 Ill. 551-4, the Supreme Court say:

" A freehold is only involved when the result of the litigation must be that one party will gain and another lose a

freehold estate, or where the title is so put in issue by the pleadings that a decision of the case necessarily involves a decision as to the title."

The issue as to the title of the real estate in question, as above stated, is such that a decision of the case would, in our opinion, clearly involve a decision as to the title, and under the allegations of the bill and answer it would seem clear that the result of the suit must be either that the appellant would gain or the appellee would retain a freehold estate.

Appellant cites cases which in substance hold that although a freehold may have been involved in the trial court, it would not be in this court unless the assignments of error have relation to a freehold; but we are of opinion that they are not controlling here because the last four assignments of error question the findings and decree of the court as being contrary to the law and the evidence, and claim that it was error to dismiss the bill for want of equity. These assignments are, in our opinion, sufficiently broad to cover the question as to whether a freehold is involved on this record. Counsel also in this connection refers to certain evidence in the record which he claims shows that the deed in question was given as " security to secure the defendant in her property rights," and that this makes the deed in effect a mortgage. We think it apparent, from a reading of all the evidence bearing upon the title, that the contest in that regard involves an inquiry as to whether the deed in question was, or not, obtained by the alleged fraud of appellee. If it was not so obtained, then the conveyance passed to her the title in fee simple.

Inasmuch as a freehold is involved in the record, the appeal must be and is dismissed.