## In the Matter of the Estate of Otto C. Meinshausen, Deceased.

## Appeal of Alexander W. Hannah, Appellant, v. Henry Meinshausen, Administrator, Appellee.

### Gen. No. 25,173.

1. COURTS, § 83*—*what appealable orders of Probate Court are cognizable in Circuit Court.* All appealable orders of the Probate Court which are not entered in a proceeding either in law or in equity are cognizable in the Circuit Court.

2. COURTS, § 83*—*when appeal to Circuit Court of order of Probate Court is properly dismissed for lack of jurisdiction.* An order entered in the Probate Court in a proceeding to sell real estate to pay an intestate's debts directing one who had been the highest bidder at such sale to pay to the administrator the balance due on his bid is an order entered in a proceeding which is, in its essence, a chancery case, and an appeal therefrom to the Circuit Court is properly dismissed for lack of jurisdiction.

3. APPEAL AND ERROR, § 38*—*conflicting statutes.* Wherever section 124 of the Administration Act (J. & A. ¶ 173) and sections 122 and 123 of the Courts' Act (J. & A. ¶¶ 3248, 3249) conflict with section 8 of the Appellate Court Act (J. & A. ¶ 2968) and section 91 of the Practice Act (J. & A. ¶ 8628), the latter sections, being the later enactments, must prevail.

Appeal from the Circuit Court of Cook county; the Hon. G. T. BARRETT, Judge, presiding. Heard in this court at the March term, 1919. Affirmed. Opinion filed December 8, 1919.

CAMPBELL & FISCHER and MATTHIAS CONCANNON, for appellant.

LIGHTHALL, DANKOWSKI & CARLSON, for appellee; C. OSCAR CARLSON, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal from an order of the Circuit Court dismissing an appeal of appellant from an order of the Probate Court of Cook county on the assumed lack

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of jurisdiction to entertain it.

The Probate Court order appealed from was entered in a proceeding to sell real estate to pay debts of the intestate, Otto C. Meinshausen, at a sale of which real estate under the decree of the Probate Court appellant was the highest bidder and therefore the purchaser. His bid was $10,000, upon which he paid on account $1,000. Appellant failing to pay the balance of his bid and take a deed for the real estate so bought by him, the Probate Court after a hearing, at which appellant appeared and participated, entered an order directing appellant to pay to the administrator the balance due on his bid.

This order is the one appealed from and is the only order found in the record. The proceedings had upon the hearing, whatever they may have been, nowhere appear.

The only question arising on this record for our consideration and decision is: Did the Circuit Court have jurisdiction of the appeal? The solution of this question rests in the interpretation to be given certain statutes governing appeals in like cases, and this depends largely on whether the order found in the record can be said to have been entered by the Probate Court in a proceeding analogous to one in law or in chancery.

It may be conceded that all appealable orders of the Probate Court which are not entered in a proceeding either in law or in chancery are cognizable in the Circuit Court. The gravamen of contention on the part of appellant is that the order appealed from was entered in an independent proceeding to compel the payment by appellant of the balance of his bid, $9,000, for the real estate sold to him under a proceeding to sell real estate to pay the debts of the decedent, Otto Meinshausen. The contention of the administrator is that the appeal order was entered in the proceeding for the sale of real estate to pay debts and is by analogy ancillary to the enforcement of the decree of sale approving of the bid of appellant and ordering the real estate to be conveyed to him upon payment of the balance of his bid

to the administrator.

Section 101, ch. 3, being the Administration Act (J. & A. ¶ 150), which treats of the manner of procedure in applications for the sale of real estate to pay debts, directs that "The practice in such cases shall be the same as in cases in chancery," and in *Akin v. Akin*, 268 Ill. 324, it was held that a proceeding to sell real estate to pay debts was essentially a suit in chancery and governed by the rules of chancery practice.

In *Lynn v. Lynn*, 160 Ill. 307, after reciting the provisions of section 101, *supra*, the court said:

"Under these provisions, in view of the nature and character of the proceeding and the broad chancery powers conferred on the court, an application to sell lands to pay debts may properly be regarded as a chancery proceeding, within the meaning of section 8 of the Appellate Court Act."

We hold that the order appealed from was an order entered in the matter of the application of the administrator to sell real estate to pay debts, which is, in its essence, a chancery case within the meaning of said section as construed in cases *supra* and, with section 8 of the Appellate Court Act (J. & A. ¶ 2968) and section 91 of the Practice Act (J. & A. ¶ 8628), governs this case.

Section 8, *supra*, provides *inter alia:*

"The said Appellate Courts created by this Act shall exercise appellate jurisdiction only, and have jurisdiction of all matters of appeal, or writs of error from the final judgments, orders or decrees of any of the circuit courts, or the Superior Court of Cook county, or county courts, or from the city courts in any suit or proceeding at law, or in chancery other than criminal cases, not misdemeanors, and cases involving a franchise or freehold or the validity of a statute. Appeals and writs of error shall lie from the final orders. * * *"

And the following portions of section 91, *supra*, read:

"Appeals shall lie to and writs of error from the Appellate or Supreme Courts, as may be allowed by law, to review the final judgments, orders or decrees

of any of the circuit courts, the Superior Court of Cook county, the county courts or the city courts and other courts from which appeals and to which writs of error may be allowed by law, in any suit or proceeding at law or in chancery.''

If it can be said that these two sections in any way conflict with section 124, ch. 3 (J. & A. ¶ 173), title ''Administration,'' or sections 122 and 123, ch. 37 (J. & A. ¶¶ 3248, 3249), title ''Courts,'' which direct that appeals shall be taken from County Courts to the Circuit Court, where the trial shall be *de novo*, they must yield to sections 8 and 91, *supra,* as these two sections are in point of time the latest enactments of the legislature; so that wherever sections 124, ch. 3, and 122 and 123, ch. 37, *supra,* may appear to be in conflict with sections 8 and 91, *supra,* these two later sections must be held to supersede, and to that extent displace, antecedent enactments (and such are sections 124, ch. 3, and 122 and 123, ch. 37, *supra*).

The validity of the order of the Probate Court in the record is not before us, consequently nothing in this opinion affects in any manner the merits of the controversy projected by that order.

The order of the Circuit Court dismissing the appeal for want of jurisdiction was without error and is therefore affirmed.

*Affirmed.*