(No. 12813.—Decree affirmed.)

JOSEPHINE BENNETT SEBREE, Appellant, *vs.* MABELLE SEBREE *et al.* Appellees.

*Opinion filed April 21, 1920—Rehearing denied June 3, 1920.*

1. PRACTICE—*when circuit court may permit a certified copy of order of probate court to be attached to record.* On appeal from the probate court, the circuit court, after hearing evidence showing that a transcript of the final order of the probate court was filed but became detached from the record, may permit a certified copy of the order to be attached to the record.

2. APPEALS AND ERRORS—*when order by probate court determining heirship is appealable.* Where a petitioner claims to be the common law widow of a testator and asks the probate court to find a new table of heirship, an order of the probate court conforming to the prayer of the petition is final and appealable where all the parties are present and offer evidence in support of their claims.

3. SAME—*meaning of the term "suit or proceeding at law or in chancery."* A suit or proceeding at law or in chancery, as meant by section 8 of the Appellate Court act, is a proceeding instituted and carried on in substantial conformity with the forms prescribed by the common law or by the rules in chancery, but the mere fact that an issue is made up and tried the same as a suit at law does not, of itself, convert a statutory proceeding into a suit or proceeding at law.

4. SAME—*proceeding for proof of heirship and widow's award is statutory and appeal lies to circuit court.* A proceeding in the probate court upon the petition of one who claims to be the common law widow of a testator and who asks for a new table of heirship and a widow's award is purely statutory, and an appeal from

a final order conforming to the prayer of the petition is properly taken to the circuit court.

5. ADMINISTRATION—*county courts may adopt equitable forms in probate matters.* Although county or probate courts are without chancery or general law jurisdiction, in probate matters they have jurisdiction of an equitable character and may adopt forms of equitable proceedings.

6. SAME—*petitioner for widow's award is not entitled to jury trial in circuit court on question of heirship.* Jurisdiction to determine heirship is purely statutory; and on appeal from an order of the probate court on petition of one who claims to be the common law widow of a testator and who asks for a widow's award, the petitioner is not entitled to a jury trial in the circuit court on the question of heirship, as the constitutional provision for a jury trial applies only to cases where the right to such trial existed at common law.

7. SAME—*when petitioner for widow's award is not entitled to jury in probate court.* One who petitions the probate court for a new table of heirship and a widow's award on the ground that she is the common law widow of the testator is not entitled to a jury trial under section 60 of the Administration act, allowing a contested claim against an estate to be tried by jury, as the procedure for fixing a widow's award is not under said section, although when fixed the award becomes a claim against the estate.

8. SAME—*on appeal to circuit court proceedings are of same character as in probate court.* The circuit court is a court of general jurisdiction, but in hearing an appeal from the probate court the proceedings are of the same character as in the probate court.

9. HUSBAND AND WIFE—*what must be proved by party asserting common law marriage.* Cohabitation which is admitted to have been illicit in its inception is presumed to continue so, and the party asserting a common law marriage has the burden of proving affirmatively not only that the illicit relation has terminated but that it terminated by the parties entering into an affirmative agreement to become husband and wife.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN P. McGOORTY, Judge, presiding.

GEORGE H. WHITE, JOHN L. HOPKINS, and DONALD J. DEWOLFE, for appellant.

MUSGRAVE, OPPENHEIM & LEE, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant, under the name of Josephine Bennett Sebree, filed her petition in the probate court of Cook county asking that the table of heirship theretofore entered by that court in the matter of the estate of James K. Sebree, deceased, be set aside and a new table of heirship be entered in which it should be declared that she is the widow of Sebree, and asking that a widow's award be set off to her. The probate court, upon hearing evidence on said petition and objections thereto, entered an order setting aside the table of heirship and finding that the appellant is the widow of James K. Sebree, and directing that the appraisers of the estate set off a widow's award to her. The executors of the will of the deceased, and Mabelle Sebree, his daughter, appealed to the circuit court, where a hearing on the petition was had *de novo,* and that court set aside the order and findings of the probate court and found that the appellant was not the widow of the deceased, that the renunciation attempted to be made by her as such widow was not a valid renunciation, and that her petition to set aside the table and order of heirship should be denied.

Three questions are presented on this record by appellant: First, it is urged by her that the circuit court had no jurisdiction to hear the appeal from the probate court in this matter; second, that that court erred in finding that the appellant was not the widow of James K. Sebree; and third, that that court erred in holding that her renunciation was void.

The admitted facts in this case are, that James K. Sebree died on the 17th of November, 1913, leaving a last will and testament, which was executed July 30, 1913, and was duly probated in the probate court of Cook county; that he was first married on November 29, 1879; that by this marriage he had two children, Roy K. Sebree and ap-

pellee Mabelle Sebree; that in 1896 his wife, the mother
of said children, divorced him according to law; that in
1897 he re-married; that his second wife died December
27, 1903. By the fifth clause of his will he gave a bequest
of $25,000 to his trustees, with directions to pay the net
income, in monthly installments, to "my faithful house-
keeper, Mrs. Josephine Bennett, during her natural life, said
payments not to exceed, however, in the aggregate, the sum
of $1200 per year." The legatee named in said will is the
appellant here. She had been married but in 1901 was di-
vorced from her husband and was living with the deceased
at the time of his death. The evidence is not clear as to
the date when this meretricious relation commenced, there
being evidence that it commenced as early as 1898, while
other evidence tends to show that this relation began in
1902. It, however, continued from the time of its com-
mencement until the death of Sebree, in November, 1913,
and appellant claims that subsequent to the death of de-
ceased's second wife, on December 27, 1903, and before
the first of July, 1905, at which time the statute in this
State prohibiting common law marriages went into effect,
she and the deceased became common law husband and wife,
and that as such she is entitled to a widow's share in the
estate of the deceased, claiming that she renounced under
the will.

Concerning appellant's first objection, that the circuit
court had no jurisdiction to hear this appeal, it is con-
tended, first, that there was no proper transcript of the rec-
ord of the probate court filed in the circuit court, in that
the record filed contained no copy or transcript of the final
order and the order allowing an appeal. It appears from
the record that shortly before the case came on to be heard
in the circuit court on appeal it was discovered that there
was no transcript of the order of the probate court in the
record. This matter appears to have been called to the at-

tention of the circuit court and an application filed to attach a certified copy of such order on the ground that it had been originally filed with the record and had been detached therefrom. The circuit court heard evidence on the question and found that it had been filed originally and had been detached, and thereupon ordered that it be re-attached to the record. We are convinced that the circuit court was right in this finding and that it committed no error in permitting the certified copy of the order of the probate court to be attached to the record. Although the evidence does not show how or why this order was detached from the record, it does show that it was detached.

It is also urged in support of the contention of appellant that the circuit court did not have jurisdiction to hear this matter on appeal, that the order of the probate court setting aside the table of heirship and finding that appellant here was the widow of Sebree was not an appealable order, and she cites in support of this contention, *Nolan* v. *Barnes,* 268 Ill. 515, and *Prescott* v. *Ayers,* 276 id. 242. In *Nolan* v. *Barnes* it was held that an order of the probate court finding certain persons to be the heirs of deceased, which order was obtained without notice to the defendant, is not, in a suit begun in the lifetime of the grantor to set aside a deed, competent evidence against the defendant when offered in such chancery suit, upon the ground that the defendant should have been made a party to the proceedings for the establishing of heirship. *Prescott* v. *Ayers* was a proceeding in the circuit court to contest a will. It was there held that a finding of heirship in the order of the probate court is only *prima facie* evidence as to such heirship, so far as the contest of the will was concerned, in the circuit court, and that other evidence on the subject was competent. These cases do not hold, as contended by appellant, that, so far as the order of the probate court is concerned, the finding that appellant was the widow of the deceased is not a final order and therefore not appealable.

Whether or not an order entered in a case is a final order depends upon the relief sought in the petition. In *Martin* v. *Martin,* 170 Ill. 18, this question arose. In that case the petition first filed was merely for the purpose of correcting an inventory, but the amended petition charged that the plaintiff in error in that case had possession of certain securities claiming them as her property, and asked that she be required to bring them into court. It was there held that in view of the fact that an order of the county court was entered holding that such securities were her individual property this was the end and final determination of the proceedings as far as that contention was concerned; and that the order was a final one, from which an appeal could be taken. In the case at bar, while the petition asked that a new table of heirship be found, it also asked the probate court to determine the issue as to whether or not appellant was the common law widow of the deceased. The order of the probate court in that matter was a determination of that issue. In *Bailey* v. *Conrad,* 271 Ill. 294, it was held that a final judgment is one which finally disposes of the rights of the parties, either upon the entire controversy or some definite and separate branch thereof. To the same effect are *City of Park Ridge* v. *Murphy,* 258 Ill. 365, and *Mutual Reserve Fund Life Ass'n* v. *Smith,* 169 id. 264. In this case the petition of appellant requested the court to set down for a hearing the question whether or not she was the common law widow of James K. Sebree, and the decision of the probate court determined that matter and affected the rights of the appellees here, and they, as the aggrieved parties, were entitled to appeal from that decision. It was not an *ex parte* hearing, but both the appellant and appellees were present and offered evidence in support of their claims concerning the matter. The probate court had jurisdiction of the parties and the subject matter, and the order of the probate court was a final determination of that issue and was therefore appealable.

It is also urged by the appellant that the circuit court
had no jurisdiction of the cause for the further reason that
under section 8 of the Appellate Court act the appeal
should have been taken to the Appellate Court. Under
said section appeals are to be taken from the county or pro-
bate courts to the Appellate Courts "in suits or proceed-
ings at law or in chancery," and if this be a suit or pro-
ceeding at law or in chancery the contention of appellant
is right.

A suit or proceeding at law, as that term is used in said
section 8, has been defined to mean a suit or proceeding
instituted and carried on in substantial conformity with the
forms and modes prescribed by the common law; and a
proceeding in chancery is to be understood to mean a suit
or proceeding instituted or carried on in substantial con-
formity with the forms and modes prescribed by the rules
in chancery. (*Myers* v. *Newcomb Drainage District,* 245
Ill. 140.) Proceedings of the nature involved here were
unknown to the common law, and jurisdiction in cases in-
volving such questions was vested in the ecclesiastical or
chancery courts. Although county or probate courts are
without chancery or general law jurisdiction, yet in probate
matters they have jurisdiction of an equitable character and
may adopt forms of equitable proceedings. (*Moore* v. *Rog-
ers,* 19 Ill. 347.) In *Grier* v. *Cable,* 159 Ill. 29, it was held
that the prosecution of a claim against an estate in the pro-
bate court was in no proper sense a suit or proceeding at
law or in chancery but a purely statutory proceeding, and
for that reason an appeal from the judgment of the probate
court allowing or disallowing the claim is required to be
taken to the circuit court. In all of its essential features
the proceedings had upon the petition of the appellant for
an order declaring her to be the widow of the deceased
are purely statutory. The mere fact that an issue was made
up and the trial thereon conducted in the same way in which
suits at law are tried, cannot, of itself, have the effect of

converting a merely statutory proceeding into a suit or proceeding at law. In all other respects said proceeding is *sui generis* and bears no analogy to proceedings conducted according to the forms of the common law. No written pleadings are required. The proceeding under the statute relating to proof of heirship or to allow. an award is informal. No provision is made for an answer nor any pleadings had. The proceeding here was purely statutory and is not, a suit or proceeding at law or in chancery within the meaning of section 8 of the Appellate Court act, and the appeal, therefore, was properly taken from the probate court to the circuit court.

It is also urged that, granting this to be true, appellant was entitled to the right of a jury trial in the circuit court on the issue as to heirship, and that the court erred in denying the same. The jurisdiction to determine heirship has never been exercised by common law courts as part of their common law jurisdiction. Such jurisdiction is purely statutory, so that the constitutional provision that "the right of trial by jury as heretofore enjoyed shall remain inviolate" does not confer upon the appellant in this case the right to a jury upon the trial of the appeal in the circuit court as it had not theretofore been enjoyed, and it was not intended by this provision of the constitution to confer such right in any class of cases where it had not formerly existed. *Moody* v. *Found,* 208 Ill. 78; *Ward* v. *Farwell,* 97 id. 593; *Johnson* v. *Joliet and Chicago Railroad Co.* 23 id. 202; *Ross* v. *Irving,* 14 id. 171.

It is also contended by appellant that this question involves a claim against the estate of the deceased and that she is entitled to have such issue tried by a jury. We do not think so. While section 60 of the Administration act provides that where a claim is contested it may be tried as a suit at law and either party may demand a jury of six or twelve men to try the issue, it was said in *Trego* v. *Estate of Cunningham,* 267 Ill. 367, as follows: "Evidently.

the General Assembly had in mind [in enacting section .60] such claims as would give rise to an action at law which should be tried as other suits at law, and could not have intended that such proceedings as the settlement of accounts of deceased guardians, executors, administrators or trustees, or rights enforceable in equity, although presented in the form of claims against estates, should be tried by jury." This we believe to be the true construction here. The question involved in this case was not the amount of an award made, but whether or not appellant was the widow of Sebree. In addition it will be observed the proceedings by which a widow's award is fixed are provided for under section 74 of said act, by which a widow residing in this State, where an estate is administered in this State, shall in all cases be allowed such sum of money as the appraisers may deem reasonable, subject to limitations in that section enumerated. Section 75 provides for a review of allowance of award by the probate court, and if that court finds the award is not properly made it may be re-referred to the same appraisers or new appraisers appointed. This, it will be seen, is a very different procedure from that prescribed in section 60, providing for the proof and allowance of claims as such, and while, in a sense, an award, when fixed, becomes a claim against the estate, the procedure for fixing the same is under different sections of the statute and is itself a proceeding that does not provide for a hearing by a jury. This being true, the appellant was not entitled to have the questions whether or not she was the widow of Sebree and the allowance of an award passed upon by a jury in the probate court. While the circuit court is a court of general jurisdiction, yet in hearing an appeal from the probate court, proceedings are of the same character as in the probate court. As was said in *Trego* v. *Estate of Cunningham, supra:* "It was not intended that a suit begun in one court should be tried by a jury and if begun in another court should be tried by

the court, alone." We are therefore of the opinion that no constitutional rights of the appellant were violated by the circuit court in refusing to submit this issue to a jury.

We come now to the second question involved in this case: Did the circuit court err in finding, as a matter of fact, that the appellant is not the widow of the deceased? It is admitted that the cohabitation between appellant and Sebree in its origin was illicit. Such cohabitation is therefore, under the law, presumed to continue to be illicit until proof is made which changes the relations of the parties, and the party asserting a marriage has the burden of proof to show affirmatively not only that the illicit relation has terminated but that it terminated by the parties entering into an affirmative agreement to become husband and wife. *Illinois Steel Co.* v. *Industrial Com.* 290 Ill. 594; *Potter* v. *Clapp,* 203 id. 592.

Appellant offered testimony of certain witnesses to the effect that subsequent to the death of Sebree's second wife, in December, 1903, and prior to July 1, 1905, they had heard the deceased say that he and the appellant were married by agreement between themselves. On the other hand, appellees offered the testimony of certain witnesses to show that even after July 1, 1905, when the statute in this State prohibiting common law marriages went into effect, they had heard the deceased say that he and appellant were not married. Furthermore, the deceased in his will, by which he bequeaths a legacy of the income from $25,000 to appellant, speaks of her as his "faithful housekeeper," nowhere referring to her as his wife. In addition to that, there is much testimony in the record tending to discredit witnesses on the part of appellant concerning this matter. It appears that appellant had sought the services of different attorneys, two of whom had told her, after examining the witnesses, that she did not have sufficient affirmative proof of an agreement between her and the deceased subsequent to the death of his second wife. One of these at-

torneys testified on the hearing of this cause that he had examined these witnesses for the appellant concerning what they knew of the relations of the appellant and Sebree and that he told said witnesses that appellant could not maintain her case unless there was proof of an agreement to marry between January, 1904, and July, 1905, when the law abolishing common law marriage went into effect. Said witnesses themselves admit that they gave that attorney no such information on this very important matter, as was testified to by said witnesses on the hearing. We have read the abstract of record in this case and are of the opinion that we would not be justified in disturbing the finding of the circuit court on this issue.

The third question, as to the renunciation of the appellant, is disposed of by the views herein expressed, and it is not material whether or not her renunciation was complete, as under the view we take of the facts she was not the widow of Sebree and therefore not entitled to renounce under the will as such widow.

We find no error in the record, and the decree of the circuit court will therefore be affirmed.

*Decree affirmed.*