## In the Matter of the Estate of Edward Wahl, Deceased.
## William W. Pick, Appellant, v. Herman J. Diecks, Administrator, Appellee.

### Gen. No. 25,171.

1. APPEAL AND ERROR, § 45*—*what statutes as to appeals are repealed.* In so far as section 8 of the Appellate Court Act (J. & A. ¶ 2968) and section 91 of the Practice Act (J. & A. ¶ 8628) conflict with chapter 3 of the Administration Act (J. & A. ¶ 49 *et seq.*) or sections 122 and 123 of chapter 37 (J. & A. ¶¶ 3248, 3249), they, as the later enactments, repeal and supersede these sections.

2. APPEAL AND ERROR, § 45*—*when appeal to circuit court is proper.* Proceedings against a surviving partner authorized by Hurd's Rev. St. ch. 3, secs. 86-89 (J. & A. ¶¶ 136-139) while in some respects equitable in nature, considered as a whole, both as to their substance and the mode of procedure authorized, constitute a special statutory proceeding, and an appeal from a judgment of the probate court therein lies to the circuit court.

3. WITNESSES, § 251*—*who has burden of establishing privilege.* The burden is on one who claims that a communication is privileged to establish the facts bringing the evidence objected to within the rule claimed.

4. WITNESSES, § 167*—*when communication to attorney is not privileged.* Where one was the attorney of both parties at the time a communication was made, the communication is not privileged in a controversy between them.

5. WITNESSES, § 167*—*what is effect of attorney acting as scrivener.* Where an attorney is simply acting as scrivener at the time the communication is made, it is not privileged.

6. APPEAL AND ERROR, § 1395*—*when findings of chancellor will

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*not be disturbed.* The findings of the chancellor who heard the witnesses testify in open court will not be disturbed when there is sufficient evidence to support the decree.

Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1919. Affirmed. Opinion filed May 28, 1920.

MATTHEW P. BRADY, for appellant.

JOHN S. HUMMER, for appellee.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

Appellant, William W. Pick, is the surviving partner of Edward Wahl, deceased, who died on the 8th day of January, 1917. January 27 thereafter, appellee, Herman J. Diecks, administrator of Wahl's estate, filed a petition in the probate court of Cook county, in which he set up that Wahl in his lifetime held a lease for years on certain premises at No. 10 South Clark street, on which, he, Wahl, had deposited with the lessors the sum of $3,000 to secure the faithful performance of the covenants and conditions of the lease, which sum was to be applied on the last 4 months' rent, which was to be paid at the rate of $9,000 yearly.

The petition also alleged that Wahl held another lease of No. 9 South Wabash avenue, in the City of Chicago, for a term of 2 years, at a rental of $15,000 per year, on which a similar deposit for the sum of $7,500 had been made by him, and that both these deposits were to draw interest at the rate of 6 per cent per annum; that after taking these leases Pick on July 7, 1914, became a partner of Wahl under a copartnership agreement which provided that Pick should be owner of an undivided half interest in the leases and the two saloons conducted at these respective places but was to have no interest in the deposit made on No. 9; that Pick was neglecting the place at No. 10 South

Clark street; that the rent for the month of January and other bills were not paid; that the interest of the estate was being put in jeopardy by Pick's neglect and that it was liable to be entirely lost; that the administrator could not obtain any information from Pick with reference thereto and the petition prayed that the court would enter an order requiring the said William W. Pick as such surviving partner to render an account to the court of said copartnership at No. 10 South Clark street and No. 9 South Wabash avenue, by a short day to be fixed by the court.

It further prayed for a rule on the said William W. Pick to appear in open court and to submit to an examination as to the copartnership estates at a time to be fixed by the court and for a further order requiring Pick, as surviving partner, to file a good and sufficient bond, by reason of the continuance of the said copartnership, in such sum as the court may deem proper, and for such other and further relief as to the court may seem equitable.

William W. Pick answered as respondent admitting the existence of the leases and the partnership, but denied that the partnership continued until the death of Wahl, so far as both saloons were concerned, as alleged in the petition. On the contrary he said that on or about the 1st day of November, 1916, the said copartnership, was dissolved so far as the same related to the saloon business at No. 10 South Clark street, but in no other respect, and that from November 1, 1916, the said business at No. 10 South Clark street was owned and controlled by the said Edward Wahl as his "sole and undivided property * * *." Respondent said he did not know whether the rent for January had been paid.

The probate court heard the evidence and entered an order finding the existence of the partnership as alleged and with reference to the premises known as No. 10 South Clark street, that on November 1, 1916,

an agreement was made between Wahl and Pick by which it was ostensibly dissolved, and that thereafter it was ostensibly continued in the name of Wahl, but that this agreement was made with a design to "accomplish an unlawful and fraudulent purpose"; that Pick and Wahl were *in pari delicto* with reference thereto and that Wahl's administrator was bound thereby.

The petition was thereupon dismissed "for want of equity" in so far only as the same so directed and referred to the saloon business carried on at No. 10 South Clark street and the copartnership obligations in regard thereto. As to the other business, the prayer of the petition was granted. From the decree the administrator prayed an appeal to the circuit court where respondent-appellant moved to dismiss it for the reason that the circuit court did not have jurisdiction. This motion was denied and the court ordered the matter placed on the chancery docket. After hearing, a decree was entered finding the facts as alleged in the petition and "that the said copartnership continued in existence and in full force and effect continuously up to the time of the death of said Edward Wahl." That after the death of Wahl, Pick abandoned the copartnership business at No. 10 South Clark street and failed to inventory that business in the probate court; that by reason of this neglect a receiver had been appointed for it, and it was ordered and adjudged that Pick should within 10 days from the entry of the decree "file herein a complete, accurate and true statement of the assets and liabilities of said copartnership as of the date of the death of the said Edward Wahl," including the business carried on at No. 10 South Clark street, and should within said time render a full, true and accurate account to the administrator, and should thereafter, such true account render at the end of each 2 months from the date of the decree.

Leave was given to each party to apply to the court for further orders.

The principal contention of appellant is that the appeal was improperly taken to the circuit court and that that court was without jurisdiction of the subject-matter. The determination of this question depends upon whether the proceeding was a "proceeding at law or in chancery" within the meaning of section 8 of the Appellate Court Act (J. & A. ¶ 2968) and section 91 of the Practice Act (J. & A. ¶ 8628). If the proceeding was a suit or proceeding at law or in chancery within the meaning of these statutes, then the appeal should have been taken to this court; the circuit court was without jurisdiction and the motion to dismiss the appeal should have been granted. But if the action brought in the probate court was a special statutory proceeding, then by virtue of other provisions of the statutes an appeal would lie to the circuit court; that court had jurisdiction and the motion to dismiss was properly denied.

It has been held that in so far as these sections 8 and 91 conflict with chapter 3 of the Administration Act (J. & A. ¶ 49 et seq.), or sections 122 and 123 of chapter 37 (J. & A. ¶¶ 3248, 3249) entitled "Courts," they, as the later enactments, repeal and supersede these sections. See *Hannah v. Meinshausen,* 216 Ill. App. 169; *Union Trust Co. v. Trumbull,* 137 Ill. 146; *Lynn v. Lynn,* 160 Ill. 307; *Grier v. Cable,* 159 Ill. 29.

Section 91 of the Practice Act, approved June 3, 1907, in force July 1, 1907, provides:

"Appeals shall lie to and writs of error from the appellate or supreme courts as may be allowed by law, to review the final judgments, orders or decrees of any of the circuit courts, the superior court of Cook county, the county courts or the city courts, and other courts from which appeals and to which writs of error may be allowed by law, in any suit or proceeding at law or in chancery * * *."

Said section 8 of the Appellate Court Act provides:

"The said appellate courts created by this act shall exercise appellate jurisdiction only, and have jurisdiction of all matters of appeal or writs of error from the final judgments, orders or decrees of any of the circuit courts, or the superior court of Cook county, or county courts, or from the city courts in any suit or proceeding at law, or in chancery other than criminal cases, not misdemeanors, and cases involving a franchise or freehold or the validity of a statute.   *   *   *"

The duties of a surviving partner and the proceedings which may be had in the probate court with reference thereto are set forth in chapter 3, secs. 86 to 89 of the Administration Act, Hurd's Rev. St. 1917, pages 25 and 26 (J. & A. ¶¶ 136-139). These sections seem to have been substantially followed by the administrator.

While these provisions are in some respects equitable in their nature, we think, considered as a whole, both as to their substance and as to the mode of procedure provided, they constitute a special statutory proceeding. An examination of the cases called to our attention indicates that it is not always an easy matter to determine to which class a particular proceeding may belong within the meaning of these statutes. *Laurunszka v. Empire Mfg. Co.*, 271 Ill. 304; *Christensen v. R. W. Bartelmann Co.*, 273 Ill. 346; *Lavin v. Wells Bros. Co.*, 272 Ill. 610; *Myers v. Newcomb Drain. Dist. Com'rs*, 245 Ill. 140; *Zeigler v. Illinois Trust & Savings Bank*, 245 Ill. 180. The latest expression of our Supreme Court on the subject is found in *Nadig v. Turner*, 291 Ill. 513, in which case the court held that an application by an administrator for leave to carry out a contract of a deceased person to convey real estate was a purely statutory proceeding, although one of the parties contended it was in the nature of a bill for specific performance and therefore a proceeding in chancery.

Referring to section 8 of the Appellate Court Act, the court says:

"That act refers only to appeals 'in any suit or proceeding at law or in chancery,' and that has been construed to mean suits or proceedings instituted and carried on in substantial conformity with the forms and modes prescribed by the common law." *Grier v. Cable*, 159 Ill. 29.

Applying this rule we are disposed to hold the circuit court had jurisdiction and did not err in refusing the appeal.

Appellant further contends that incompetent evidence was admitted by the court which, if excluded, would preclude the findings of the decree. With other evidence tending to show a dissolution of the partnership as to the business at No. 10 South Clark street, as appellant contended, it was made to appear that on October 31, 1916, Pick and Wahl made and filed with the clerk of the City of Chicago an assignment of their joint license at that number to Wahl alone and the new license was at once issued in Wahl's name. The petitioner claimed this was only an ostensible transfer and to support this claim proved by Henry L. Wilson, an attorney, and by his sister, who was at that time acting as his stenographer, that after the license was thus taken out appellant Pick came to his office and secured a draft of the following statement:

"To W. W. Pick:

"This is to inform you that saloon license issued by the City of Chicago, dated October 31, 1916, for the second period of 1916, being license No. ——, at 10 South Clark Street, was issued to me in my name for convenience only, and that you are the owner of an undivided half interest in the license and saloon at 10 South Clark Street, being owned by you and myself as copartners, under the name of Edward Wahl. The license was issued to me in my individual name for convenience only."

Wilson testified that he informed Wahl about the

preparation of the statement, that Wahl said it was all right and that a few days later Pick told him that Wahl had executed this instrument after he, Pick, had changed the word "inform" to "acknowledge." Lily F. Wilson, the stenographer, identified a copy of the statement as the one which was dictated to her at Pick's request. She also testified to statements made by Pick at that time to the effect that he was still a partner in the business at No. 10 South Clark street.

Notice was given respondent to produce the original paper which he did not do, nor did he deny that he had it in his possession nor contradict the testimony of these witnesses as to the facts testified to by them.

The evidence, however, was all objected to on the ground that it was privileged because of the relationship of attorney and client. We do not think this contention can be sustained. In the first place, Wilson was not at that time retained as the attorney of Pick. There is no proof that the relationship of attorney and client at that time existed between them. The proof shows that he had at other times acted as attorney for each of them and usually without compensation. It devolves upon one who claims a privilege to show facts which bring the evidence objected to within the rule claimed. If Wilson was the attorney of both Wahl and Pick at this time (and that theory is just as consistent with the evidence as any other), then these communications would not be privileged in any controversy arising between them. If we regard Wilson as Wahl's attorney, then any communication made by Pick to him was clearly not privileged. Indeed the theory of appellee that Wilson was not at this time the attorney for either, but simply acted as a scrivener is entirely consistent with the evidence. If so the conversations were not privileged. *DeWolf v. Strader,* 26 Ill. 225; *Smith v. Long,* 106 Ill. 485; *Champion v. McCarthy,* 228 Ill. 87; *Spencer v. Razor,* 251 Ill. 278.

We think there was abundant evidence to sustain the

decree and that we should not disturb the findings of the chancellor who heard witnesses testify in open court. *Valbert v. Valbert,* 282 Ill. 415; *Struve v. Tatge,* 285 Ill. 103; *Ackman v. Potter,* 239 Ill. 578.

Appellant also contends that the ostensible dissolution of the partnership between Wahl and Pick as to No. 10 South Clark street was made for a fraudulent purpose with the idea that Wahl might possibly later file a petition in bankruptcy and thus escape liability on the lease. There is no proof that Wahl was in fact insolvent. He was an ignorant man; he could neither read nor write. After bankruptcy was suggested as a means of getting rid of the lease he took legal advice and was told that it would be a foolish and impossible thing for him to do. If he ever had a fraudulent intention within the meaning of the law we think his repentance was complete and in due time. On this issue also we are unable to say that the finding of the chancellor is palpably wrong and the decree will therefore be affirmed.

*Affirmed.*

MR. JUSTICES BARNES and GRIDLEY concur.