Marcus Biggerstaff et al., Plaintiffs in Error, v. W. H. Spaulding et al., Defendants in Error.

Opinion filed March 10, 1934. Rehearing denied October 22, 1934.

Chas. L. Rice, for plaintiffs in error.

Charles E. Feirich, for defendants in error.

Mr. Presiding Justice Edwards delivered the opinion of the court.

On November 28, 1931, the executors of the last will of William A. Lackey, deceased, filed their final report in the county court of Pulaski county, asking for the court's approval of same as their final report; also for an order of distribution. Plaintiffs in error filed written objections thereto and a hearing was had thereon before the court, who overruled the objections and entered an order for distribution. Plaintiffs in error appealed therefrom, to the circuit court, as did also Lottie L. Lackey, widow of the testator.

The hearing upon the appeal was duly had in the circuit court, where again the objections were overruled, as was likewise the contention of the said widow. The report was declared approved, and an order entered for distribution. Such order was dated March 16, 1932. Plaintiffs in error prayed for and were allowed an appeal to this court. Lottie L. Lackey, the widow, also prayed an appeal, which the court likewise granted. None of such parties perfected the appeal, but plaintiffs in error did, on March 10, 1934, sue out of this court a writ of error to review the judgment.

On May 11, 1934, defendant in error, administrator of the estate of Lottie L. Lackey, deceased,—she having died in the meantime,—filed his motion to dismiss the writ, on the ground that under section 124 of the Administration Act, Cahill's St. ch. 3, ¶ 126, only appeals are allowed from judgments of the circuit courts, rendered upon appeal therein from orders of the county courts, upon matters arising under the Administration Act, as provided by said Act, and that

writs of error do not lie to review such judgments; and did on the same day file herein his brief and argument. Defendant in error has also assigned cross errors upon the record.

The judgment sought to be reviewed was rendered prior to January 1, 1934, when the new Civil Practice Act, Cahill's St. ch. 110, ¶ 129 *et seq.*, became operative; hence the right to review must be tested by and determined under the rules of practice as they existed prior to such date.

Plaintiffs in error ask that the motion to dismiss the writ of error be overruled, contending, first, that defendant in error, by filing brief and argument, assigning cross errors, and arguing the case upon its merits, thereby waived his right to insist upon a dismissal of the writ of error. The motion to dismiss challenges the jurisdiction of this court to entertain a writ of error to review the judgment complained of.

In *Hursen v. Hursen,* 110 Ill. App. 345, 346, where a similar motion was made after the filing of briefs, and it was contended the motion came too late, the court said: "The motion was in apt time, as a want of jurisdiction of the subject-matter of an appeal may be brought to the attention of the court at any time. The court may raise the question of its own motion."

In *Nigh v. Dovel,* 84 Ill. App. 228, this court held, on page 231: "Want of jurisdiction of a subject-matter over which, under the law, a court has no jurisdiction, may be suggested to the court at any time and in any manner that will call the attention of the court to such fact, or if it occurs to the mind of the court at any stage of the proceedings, even without suggestion, then it is the duty of the court, whether moved to do so or not, to at once dismiss the case."

The court ruled, in *City of Virginia v. Gipps Brewing Co.,* 136 Ill. 616, 618, that even though both parties assigned error, and neither questioned the jurisdic-

tion of the court to review the case, yet inasmuch as no writ of error would properly lie in the case, the court, of its own motion, should dismiss the writ, notwithstanding the tacit acquiescence of the parties in its prosecution; and to the same effect is *Brockway v. Kizer*, 215 Ill. 188. This contention of plaintiffs in error is without force.

Plaintiffs in error contend, secondly, that section 124 of the Administration Act, Cahill's St. ch. 3, ¶ 126, has been repealed and superseded by section 8 of the Appellate Court Act, Cahill's St. ch. 37, ¶ 40, and section 91 of the Practice Act, Cahill's St. ch. 110, ¶ 91 (App'x). Said section 124 provides: "Appeals shall be allowed from all judgments, orders or decrees of the county court, in all matters arising under this Act, to the circuit court, in favor of any person who may consider himself aggrieved by the judgment, order or decree of such court, and from the circuit court to the Supreme Court, as in other cases, and bonds with security to be fixed by the county or circuit court, as the case may be."

Said section 8 of the Appellate Court Act is: "The said Appellate Courts created by this Act shall exercise appellate jurisdiction only, and have jurisdiction of all matters of appeal or writs of error from the final judgments, orders or decrees of any of the circuit courts, or the superior court of Cook county, or county courts, or from the city courts in any suit or proceeding at law, or in chancery other than criminal cases, not misdemeanors, and cases involving a franchise or freehold or the validity of a statute."

Section 91 of the Practice Act provides: "Appeals shall lie to and writs of error from the Appellate or Supreme Court, as may be allowed by law, to review the final judgments, orders or decrees of any of the circuit courts, the superior court of Cook county, the county courts or the city courts and other courts from

which appeals and to which writs of error may be allowed by law, in any suit or proceeding at law or in chancery.''

The law is now settled that said section 124, so far, and to the extent that it may conflict with either of said sections 8 or 91, is repealed, upon the theory that the latter two, being later enactments, operate to repeal the former, so far as repugnant to its terms. *Lynn v. Lynn*, 160 Ill. 307; *Hannah v. Meinshausen*, 216 Ill. App. 169; *Pick v. Diecks*, 218 Ill. App. 295.

Section 8 provides that the Appellate Court shall have jurisdiction to review by appeal or writ of error, all final judgments, orders or decrees of the inferior courts, in any suit or proceeding at law or in chancery, in all civil cases except those involving a franchise, freehold or the validity of a statute.

It will thus be seen that the purport of section 8 is to determine the court to which appeals or writs of error may be taken, and not to provide for the allowance of same. Section 124 authorizes appeals from the circuit court to the Supreme Court, while section 8 confers the right of review upon the Appellate Court in all civil cases except those which pertain to a freehold, franchise or the validity of a statute. Hence it seems clear that section 8 repeals section 124, by implication, only to the extent of providing that the appeals to be taken under section 124, shall go to the Appellate rather than to the Supreme Court, except in the quoted enumerated exceptions, and does not otherwise modify or supersede it.

If any statute grants the right of review by writ of error, of the judgment in the pending case, it is said section 91, an examination of which reveals that by it appeals and writs of error are allowed to review final judgments, orders and decrees of the inferior courts ''in any suit or proceeding at law or in chancery.'' The limitation thus confers the right of such review

only "in any suit or proceeding at law or in chancery." If the judgment sought to be reviewed was not rendered in a suit or proceeding at law or in chancery, then the said section confers no right of review by writ of error.

It thus becomes necessary to consider the character of the proceeding in which the judgment in question was entered. It was rendered pursuant to a hearing under section 114 of the Administration Act, providing for settlement of accounts by administrators and executors, which, with its various amendments, was part of the original Act of Administration, and the review of judgments rendered thereon is controlled by said section 124, unless it can be held that the hearing before the court upon the final report of the personal representative of the estate is a "suit or proceeding at law or in chancery"; in which event it would be reviewable under section 91 of the Practice Act.

We necessarily must consider whether such hearing is a "suit or proceeding at law or in chancery." In *Sebree v. Sebree,* 293 Ill. 228, it was held that the phrase "a suit or proceeding at law or in chancery," as intended by said section 8, is a "suit or proceeding instituted and carried on in substantial conformity with the forms and modes prescribed by the common law." The identical phrase was used in said section 91, in the same sense.

Various acts of procedure, under the Administration Act, have been the subject of interpretation as to whether they were suits or proceedings at law or in chancery. We will refer to a few. In *Grier v. Cable,* 159 Ill. 29, it was held: "We are of the opinion that the proceedings provided by law in this State for the presentation and allowance of claims against the estates of decedents, are in no proper sense suits or proceedings at law or in chancery, but purely statu-

tory proceedings provided for the prompt and summary presentation, allowance and classification of all just claims against such estates.'' The case of *Nadig v. Turner*, 291 Ill. 513, was an action in the county court where an administrator petitioned for authority of the court to carry out a contract of the decedent to convey land, under section 126 of the Administration Act, contending that the proceeding was one in equity. The court, however, ruled it was a purely statutory proceeding, and not a suit or proceeding at law or in chancery.

In *Pick v. Diecks, supra*, where proceedings in the county court were instituted against a surviving partner, under sections 86–89 of the Administration Act, it was decided that while somewhat equitable in character, yet considered as a whole, both as to substance and procedure, it constituted a special statutory proceeding and not a suit or proceeding at law or in chancery.

In *Sebree v. Sebree, supra*, where there was a hearing upon the petition of appellant for an order declaring her to be the widow of decedent, and as such entitled to share in the estate, the court held ''the mere fact that an issue was made up and the trial conducted in the same way in which suits at law are held, cannot of itself have the effect of converting a merely statutory proceeding into a suit or proceeding at law.''

In the instant case, the hearing upon the final report of the executors was entirely regulated by statute. It was unknown to and bore no analogy to the legal procedure conducted according to the forms of the common law; no written pleadings were required. It was a summary, informal statutory proceeding, and hence, within the rule and reason of the cases cited, was not a ''suit or proceeding at law or in chancery,'' and upon appeal to the circuit court the proceedings would be of the same character as in the county court. *Sebree*

*v. Sebree, supra.* Consequently, no right of review by appeal or writ of error was allowed to it by section 91 of the Practice Act.

Writs of error are, however, allowed to review final orders and judgments in purely statutory proceedings, without statutory authority therefor, to prevent a failure of justice, in instances where property rights or personal liberty are involved, and no right of appeal is given from such inferior courts to some higher tribunal. *Haines v. People,* 97 Ill. 161; *Kingsbury v. Sperry,* 119 Ill. 279. Such is not the case here, for plaintiffs in error were given an adequate right to have the judgments of both the county and circuit courts reviewed, as granted by said section 124 of the Administration Act.

From the authorities cited, we think it clear that the proceeding in question was purely statutory in character; that the statute conferred upon plaintiffs in error the right of appeal; and that the settled law is that where a statutory proceeding gives to the litigant one form of review, all others are excluded. *Allerton v. Hopkins,* 160 Ill. 448; *Haines v. People, supra; Hart Bros. v. West Chicago Park Com'rs,* 186 Ill. 470.

We are of the opinion that a writ of error does not lie to review the judgment complained of, and the same is dismissed.

*Writ dismissed.*