(No. 17441.—Appeal dismissed.)
JAMES W. ORWIG *et al.* Appellees, *vs.* THOMAS EDWARD CONLEY, Exr., Appellant.

*Opinion filed June 16, 1926—Rehearing denied October 13, 1926.*

1. APPEALS AND ERRORS—*what is a final, appealable judgment.* A final judgment reviewable by appeal or writ of error must be such decision of the court as settles the rights of the parties respecting the subject matter of the suit or some definite and separate branch thereof and which concludes them until reversed or set aside.

2. GARNISHMENT—*judgment against executor conditional upon entry of final order of distribution is not appealable.* In a garnishment proceeding against an executor no final judgment can be entered, under the statute, until after an order of distribution, and a judgment which is conditional upon the entry of an order of distribution is not final and appealable.

APPEAL from the Circuit Court of Kankakee county; the Hon. ARTHUR W. DESELM, Judge, presiding.

JOHN H. BECKERS, and BRIAN & McMANUS, for appellant.

TAFF & PUTMAN, and A. L. GRANGER, for appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

On December 24, 1919, in vacation of the circuit court of Kankakee county, the clerk of that court, upon a *narr.* and cognovit, entered a judgment for the sum of $1764 and costs in favor of John F. Rector against James W. Orwig, Katie E. Orwig and James R. Orwig. On the same day execution was issued by the clerk directed to the sheriff of Kankakee county, which execution was never served on the defendants and which was on January 27, 1920, returned by the sheriff "no property found." On April 4, 1925, Rector filed in the circuit court an affidavit for garnishee summons, alleging that on December 24, 1919, a judgment was rendered by the circuit court of Kankakee county in favor of Rector against defendants for the sum of $1624 debt and $145 costs of suit, the issuing and returning of the execution, that the defendants had no property liable to execution in the county, and that Thomas Edward Conley, and Thomas Edward Conley as executor of the estate of Owen Conley, deceased, had effects of the defendants in his possession, custody and charge, and praying that Conley, individually and as executor, be summoned as garnishee. On the same day interrogatories were filed with the clerk to be answered by the garnishee. Conley was served with summons by the sheriff of Stark county on April 16, 1925, and on September 18, 1925, he filed his answer, denying that he, individually, was indebted in any manner whatever to either of the defendants, and admitting that he was executor of the estate of Owen Conley, and that K. E. Orwig was an heir and devisee of Owen Conley, and that in his best judgment she would be entitled to the sum of approximately $2000 on the final distribution of the estate. On hearing before the court, without a jury, Conley objected

to the introduction in evidence of the *narr.* and cognovit for the reason that the court did not have jurisdiction to enter said judgment, first, because the cognovit does not show which of the three defendants A. E. Smith, the attorney, appeared for; and secondly, because the clerk was without authority to consolidate causes of action and confess a judgment in vacation upon two separate notes in one cognovit, and that the judgment was void because there was no power under the warrant of attorney to confess a judgment for the amount of the judgment entered by the clerk, but the court overruled the objection and admitted the *narr.* and cognovit in evidence. Conley also objected to the introduction of the execution issued upon the judgment upon the ground that there was a fatal variance between the judgment described in the execution offered in evidence and the affidavit for garnishee summons, but the court also overruled this objection and admitted the execution in evidence. At the close of all the testimony Conley moved to strike out all the testimony offered on behalf of the plaintiff for the reason that no notice has been served upon the judgment debtors, James W., Katie E. and James R. Orwig, and that the Garnishment act, in so far as it provides for garnishee process without making any provision for service of notice upon the judgment debtors, is unconstitutional and void because it is taking property of the judgment debtors without due process of law, but the court denied said motion and found that Conley, individually, was not indebted to the Orwigs, and he was therefore discharged, but that he as executor of the estate of Owen Conley was indebted to K. E. Orwig in the sum of $2000, as nearly as the same could be ascertained before final distribution, and entered a conditional judgment against him as executor for the sum of $2000 for the use of Rector, but ordered that no final judgment should be entered in said cause until the final order of distribution was entered by the county court of Henry county in the estate

of Owen Conley. From the judgment Conley, as executor, brings this appeal directly to this court on the ground that a constitutional question is involved.

There must be a final decision of the case before either party can have it reviewed by a court of appeals,—*i. e.,* there must be such a decision as settles the rights of the parties respecting the subject matter of the suit and which concludes them until it is reversed or set aside. (*Hayes* v. *Caldwell,* 5 Gilm. 33.) A final judgment reviewable by appeal or error, within the meaning of the statute, is one which finally disposes of the rights of the parties either upon the entire controversy or upon some definite and separate branch thereof. (*Sebree* v. *Sebree,* 293 Ill. 228; *City of Park Ridge* v. *Murphy,* 258 id. 365; *Eggleston* v. *Morrison,* 185 id. 577.) In section 1 of the Garnishment act it is provided, among other things: "It shall be lawful to summon administrators and executors as garnishees, and they may be garnisheed with respect to any moneys, goods, chattels, lands, tenements or other estates belonging to any devisee or legatee under any will, or belonging to any heir or distributee of any estate; but no final judgment shall be rendered against such administrator or executor until after an order of distribution has been made by the county court out of which his letters testamentary or of administration issued." In this case there was no such decision of the court as settled the rights of the parties respecting the subject matter of the suit and which concluded them until it was reversed or set aside, nor was there a final disposition of the rights of the parties either upon the entire controversy or upon some definite and separate branch thereof. The judgment did not purport to be a final judgment, and by reason of the statute no final judgment could be rendered in the premises until after the entry of an order of distribution in the estate of Owen Conley, deceased.

The judgment appealed from not being a final, appealable judgment, the appeal will be dismissed.

*Appeal dismissed.*